LUCKOW ESTATE v LUCKOW

Docket No. 294398. Submitted January 11, 2011, at Detroit. Decided January 27, 2011, at 9:05 a.m.

Stanley Luckow obtained a divorce from Pamela Luckow in 2003 in the Wayne Circuit Court, Family Division. The divorce judgment directed plaintiff to pay defendant $2,500 a month in modifiable spousal support. After plaintiff unsuccessfully moved to reduce his spousal-support obligations in 2005, the parties agreed to binding arbitration. The resulting report recommended that plaintiff's spousal-support obligations be reduced to zero and that future spousal-support obligations be reserved for future adjudication. Plaintiff moved to adopt the arbitration report's recommendations and award. He died in 2007, and his estate was substituted as plaintiff in February 2008. The court, Richard M. Skutt, J., abated the spousal-support obligation in accordance with the arbitration award. Defendant subsequently moved to increase the amount of her spousal support after experiencing a reduction in income and suffering medical problems. Judge Skutt recognized that spousal support may be modified following a payor's death and collected from the payor's estate. He further concluded that although defendant's change in circumstances warranted consideration of the motion, it would be inequitable to raise plaintiff's spousal-support obligation given that, although plaintiff had substantial assets, as an estate it could no longer earn income. Defendant moved for reconsideration. Judge Eric W. Cholack, Judge Skutt's successor, granted the motion, noting that he disagreed with Judge Skutt's equitable determinations and ruling that Judge Skutt had palpably erred by concluding that, once the monthly spousal-support obligation had been reduced to zero, it could not be increased. Judge Cholack determined that the estate had sufficient means to pay support and that an increase in support was warranted, and he ordered an evidentiary hearing to determine the appropriate amount. The Court of Appeals granted plaintiff's delayed application for leave to appeal.

The Court of Appeals *held*:

1. Spousal support may continue, undergo modification, or be implemented for the first time following the payor spouse's death.

The death of the payor spouse may create a situation in which spousal support should be modified. The burden of proof rests on the party objecting to the previously determined amount of support. A court may implement spousal support for the first time following the payor's death if the divorce judgment reserved the question of support for further determination.

2. A party moving for reconsideration must establish that the trial court made a palpable error and that a different disposition would result from correction of the error. The successor judge's decision to grant defendant's motion for reconsideration constituted an abuse of discretion because the previous judge had not committed a palpable error in evaluating the competing equities or by having focused on plaintiff's income rather than on plaintiff's marital assets when determining whether plaintiff had the means to pay increased spousal support. A mere difference in opinion regarding the equities of the matter did not constitute a palpable error sufficient to warrant reconsideration of the decision.

Reversed.

DIVORCE — SPOUSAL SUPPORT — MODIFICATIONS — DEATH OF SPOUSAL-SUPPORT PAYORS.

Spousal support may continue, undergo modification, or be implemented for the first time following the payor spouse's death; the burden of proving the need for modification rests on the party objecting to the previously determined support amount; a court may implement spousal support for the first time following the payor spouse's death if the divorce judgment reserved the question of support for further determination.

*Gentry Law Offices, P.C.* (by *Kevin S. Gentry*), for the estate of Stanley Luckow.

*Carl Bloetscher III* for Pamela Luckow.

Before: O'CONNELL, P.J., and SAAD and BECKERING, JJ.

BECKERING, J. Plaintiff[1] appeals by leave granted the opinion and order of Wayne Circuit Court Judge Eric W.

---

[1] Although plaintiff in this action is Stanley Luckow's estate, as opposed to Stanley Luckow himself, we refer to both Stanley Luckow and his estate as "plaintiff."

Cholack granting defendant's motion for reconsideration regarding an alimony award rendered by his predecessor, Judge Richard M. Skutt. We reverse.

## I. FACTUAL OVERVIEW

Plaintiff and defendant divorced on October 8, 2003. Comporting with an arbitration award previously rendered, the parties' divorce judgment directed plaintiff to pay defendant modifiable spousal support in the amount of $2,500 a month until her death or remarriage, whichever occurred first. Neither of these contingencies has transpired. The spousal-support award was based on plaintiff's annual income of $90,000 and an imputation of income to defendant of $15,000 a year. It was to be secured by naming defendant as a beneficiary of a portion of plaintiff's life insurance proceeds. Among other assets, plaintiff was awarded as part of the property division the value of his life insurance policies, subject to defendant's interest in the proceeds as security for spousal support, and the marital interest in the business partnership known as Metal Prep Technology. Defendant was awarded assets including the marital home, half of plaintiff's individual retirement account (IRA), and a portion of plaintiff's Metal Prep Technology profit-sharing account.

On January 3, 2005, plaintiff moved to reduce his spousal-support obligations, citing defendant's move to Florida and consequent lower living expenses. Plaintiff also asserted that defendant had sufficient assets to support herself and that his income, having declined since the entry of the divorce judgment, was insufficient to pay the amount ordered. Defendant opposed this motion, asserting that her living expenses had increased, not declined, as a result of her move. Defendant denied having sufficient assets to support herself

and asserted that plaintiff had sufficient means to continue paying spousal support in the ordered amount. Judge Skutt denied plaintiff's motion following an evidentiary hearing on August 12, 2005. Judge Skutt determined that plaintiff had not demonstrated a significant change in circumstance on which to base a change in spousal support and that, while plaintiff had demonstrated a decrease in his annual income, that decrease was "not so great that it equal[led] a lack of ability to pay the ordered spousal support."

Thereafter, plaintiff moved to set aside the trial court's opinion and order denying his motion for reduction of spousal support. The trial court granted that motion, and on February 9, 2006, the parties stipulated to resolve the matter by binding arbitration. The record indicates that plaintiff sold his interest in Metal Prep Technology and that he received his last paycheck from that company on September 15, 2006. On October 30, 2007, the arbitrator issued his binding arbitration report, recommending that plaintiff's obligation to pay spousal support be abated to zero but reserving future spousal-support obligations for future adjudication. As a result of the arbitrator's recommendation, it was determined that defendant was entitled to more than $35,000 in spousal-support arrearages; the arbitration award limited plaintiff's obligation to secure future spousal support by way of a life insurance policy in this arrearage amount.

On November 27, 2007, plaintiff moved the court to adopt the binding arbitration report and award. Plaintiff died on December 12, 2007. Plaintiff's estate was substituted as party plaintiff in February 2008. At that time, Judge Skutt specifically recognized that he had the authority to modify the terms and conditions of spousal support after plaintiff's death. On March 21,

2008, Judge Skutt entered an order adopting the October 30, 2007, arbitration award. As a result, plaintiff's obligation to pay spousal support was abated effective December 31, 2006. Further, in accordance with the arbitration award, Judge Skutt ordered that "[a]ny future spousal support obligation due and owing by Plaintiff to the Defendant is reserved for the future adjudication by this Court. Plaintiff's obligation to provide life insurance to secure his spousal support obligation shall be limited only to the extent of the arrears created by this Order."

On April 3, 2008, less than two weeks after Judge Skutt entered the order adopting the arbitration award, defendant moved to increase spousal support. Defendant asserted that a reduction in her annual income and anticipated increased health-insurance expenses stemming from a mild stroke, as well as plaintiff's increased ability to pay following his death, constituted a sufficient change in circumstances to warrant modification. Judge Skutt denied defendant's motion. Judge Skutt specifically recognized both that spousal support may be modified following a payor's death and that spousal support may be collected from a deceased payor's estate. He noted that he did not believe it was necessary to show a change of circumstances, but in the event that it was, defendant had established a change in circumstances warranting consideration of the motion on the basis of her own changing needs and a decrease in her income. However, considering the pertinent circumstances of the parties, Judge Skutt concluded that general principles of equity made increasing spousal support inappropriate. Judge Skutt explained:

> In the present case the Plaintiff filed a motion to decrease spousal support prior to his death. As a result of

that motion the matter was arbitrated and the arbitration award was adopted by the Court as an Order. Therefore, while the Plaintiff was alive and earning an income of sorts it was determined that his spousal support obligation should be zero and now that the Plaintiff has deceased and is earning no income the Defendant requested that spousal support be modified/increased. In the general principles of equity [it] is difficult for the Court to reconcile abating Plaintiff's spousal support obligation to zero while Plaintiff is alive and earning an income and raising the Plaintiff's spousal support obligation after the Plaintiff has died and his estate earns no income.

This Court is mindful of the Defendant's decrease in income as well as her other financial concerns regarding health insurance, however this Court is satisfied that those changes do not outweigh the general principles of equity and require an increase in spousal support. It should also be noted that, with the life insurance policy being the only known source of funds [for the estate], the issue has been previously decided by the arbitrator and was not appealed. The change of circumstances cannot be used as a collateral attac[k] on that decision.

Judge Skutt awarded defendant a portion of the proceeds of plaintiff's life insurance in an amount equal to the spousal-support arrearage.

Defendant moved for reconsideration, asserting that the order denying her motion reflected an erroneous determination that the estate had no obligation to pay alimony because alimony had been reduced to zero while plaintiff was alive and there was no estate income with which to pay alimony. Defendant also asserted in a supplemental pleading that, previously unbeknownst to her or the court, the estate held substantial assets at the time of plaintiff's death. Judge Cholack, sitting as Judge Skutt's successor, granted plaintiff's motion for reconsideration. Judge Cholack found that Judge Skutt had made a palpable

error by determining "in essence that, once spousal support had been abated to zero, it could not be increased." Judge Cholack explained that such a determination was "at odds with the statutorily modifiable character of spousal support" and with the order adopting the arbitration award, which reserved adjudication of future spousal-support obligations. Judge Cholack disagreed with Judge Skutt's assessment of the equities presented, explaining that defendant had demonstrated that the previous award of no spousal support had become insufficient to meet her needs and that, after his death, plaintiff no longer needed any funds for his own suitable support and maintenance. Judge Cholack determined that the estate had sufficient means available to pay support and that an increase in support was warranted. Therefore, he ordered an evidentiary hearing to determine the appropriate amount of spousal support. This Court granted plaintiff's delayed application for leave to appeal.

On appeal, plaintiff argues that Judge Cholack erred by granting reconsideration of Judge Skutt's decision. We agree.

## II. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decision on a motion for reconsideration. *Tinman v Blue Cross & Blue Shield of Mich*, 264 Mich App 546, 556-557; 692 NW2d 58 (2004). A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes. *Corporan v Henton*, 282 Mich App 599, 605-606; 766 NW2d 903 (2009). We review questions of law bearing on the trial court's decision, however, de novo. *Churchman v Rickerson*, 240 Mich App 223, 227; 611 NW2d 333 (2000).

III. BACKGROUND LAW

MCL 552.28 permits modification of spousal-support awards contained in divorce judgments:

> On petition of either party, after a judgment for alimony . . . , the court may revise and alter the judgment, respecting the amount or payment of the alimony . . . , and may make any judgment respecting any of the matters that the court might have made in the original action.

To warrant modification, however, the moving party first must establish new facts or changed circumstances arising since the prior order regarding support was issued. *Ackerman v Ackerman*, 197 Mich App 300, 301; 495 NW2d 173 (1992). If the court finds that a party has established a change in circumstances, it "must then make factual findings from which to conclude whether the alimony should be modified and, if so, by what amount." *Flager v Flager*, 190 Mich App 35, 37; 475 NW2d 411 (1991). A court considers many factors in awarding alimony, including the following:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, and (11) general principles of equity. [*Lee v Lee*, 191 Mich App 73, 80; 477 NW2d 429 (1991).]

It is well settled that spousal support may continue, undergo modification, or be implemented for the first time following the payor spouse's death. In *Flager*, this Court reversed the trial court's ruling that spousal support terminates upon the death of either spouse, explaining that

[a]t common law, proceedings to enforce alimony would abate on the death of either party. In Michigan, however, statutory law has long provided the authority to award, modify and enforce alimony. That law has been interpreted consistently by the courts to mean that the obligation to pay alimony does not terminate by operation of law upon the death of the payor; it may be enforced against the payor's estate. The trial court has the authority, however, to modify or terminate permanent alimony upon changed circumstances, so long as it is periodic, not alimony-in-gross. [*Flager*, 190 Mich App at 36 (citations omitted).]

Further, as the Michigan Supreme Court noted in *Braffett v Braffett*, 308 Mich 506, 514; 14 NW2d 129 (1944), "[t]he death of a [payor] may create a situation where the decree for alimony should be modified. The burden of having such a decree modified rests upon the party objecting to the amount of alimony previously determined." Finally, in *Seibly v Ingham Circuit Judge*, 105 Mich 584, 585-587; 63 NW 528 (1895), the Court held that a court could implement alimony for the first time following the payor spouse's death if the decree of divorce reserved the question of alimony for further order and decree. The Court reasoned as follows:

[I]f it results that the death of the husband ousts the court of jurisdiction to award permanent alimony, it follows that in every case where a decree is entered in the form here employed there must be a period of greater or less duration during which the wife is at the risk of losing the interest in her husband's estate which she would have under the statute of distributions but for the divorce, and without opportunity afforded her by the court to have awarded her a proper allowance of alimony. This result would be manifestly unjust. [*Id.* at 586-587.]

To hold that, as a rule, the death of the payor eliminates any further spousal-support obligation without regard to the particular circumstances pertinent to an award of spousal support would alter the balance of assets and

income struck by the court in rendering the divorce judgment and any subsequent modification orders, without regard to the provisions of the divorce judgment or to the particular equities presented. Michigan courts have refused to take this course. Plainly, defendant had the ability to move the lower court for a modification of the amount of spousal support after plaintiff's death. Equally plainly, and as correctly recognized by both Judge Skutt and Judge Cholack, the trial court had the authority to entertain and decide that motion, particularly given that the order adopting the arbitration award reserved any future support obligation for future adjudication.

### IV. ABSENCE OF PALPABLE ERROR

Plaintiff first argues that the grant of reconsideration must be reversed because Judge Cholack misread Judge Skutt's decision as including a palpable error when, in fact, Judge Skutt's reasoning was sound. We agree. A party bringing a motion for reconsideration must establish that (1) the trial court made a palpable error and (2) a different disposition would result from correction of the error. MCR 2.119(F)(3); *Herald Co, Inc v Tax Tribunal*, 258 Mich App 78, 82; 669 NW2d 862 (2003). "Palpable" is defined as " '[e]asily perceptible, plain, obvious, readily visible, noticeable, patent, distinct, manifest.' " *Stamp v Mill Street Inn*, 152 Mich App 290, 294; 393 NW2d 614 (1986), quoting Black's Law Dictionary (5th ed), p 1000.

Judge Skutt found a change in circumstances sufficient to warrant considering a modification of spousal support. Further, he turned to existing caselaw to conclude that "although the [p]laintiff is deceased, spousal support *can* be modified and collected against [p]laintiff's estate." (Emphasis added.) In his discre-

tion, however, he declined to increase spousal support in this case. He stated that even when a change in circumstances exists, "the Court must examine all the circumstances of the case when deciding whether to modify spousal support." As Judge Skutt properly noted, one factor a court must consider is general principles of equity. Judge Skutt could not, considering equitable principles, reconcile abating plaintiff's support obligation during his lifetime, when he earned an income, with raising his obligation after his death, when his estate earned no income. Judge Skutt considered other factors as well, such as defendant's loss of income and her increased health costs. On balance, however, he found that these considerations did not outweigh the general principles of equity and, in an exercise of his discretion, denied defendant's motion to increase spousal support.

Judge Cholack found palpable error in Judge Skutt's decision. Judge Cholack read Judge Skutt's decision to mean that "once spousal support had been abated to zero, it could not be increased." This was an inaccurate reading of Judge Skutt's opinion. As demonstrated earlier, Judge Skutt clearly acknowledged that he had the authority to increase spousal support after it had been abated to zero and even though the payor spouse had since died; in his discretion, considering all the circumstances presented and applying general principles of equity, he simply chose not to do so. Further, to the extent that Judge Cholack found error in Judge Skutt's consideration of general principles of equity, a mere difference in opinion regarding the equities of the matter does not constitute a palpable error sufficient to warrant reconsideration of the decision.

Additionally, defendant suggests that Judge Skutt palpably erred by focusing on the income of the estate,

rather than its assets, when evaluating the competing equities and when determining whether the estate had the means to pay spousal support. Judge Skutt acknowledged that the assets of the estate were substantial, but he recognized that the primary assets of the estate were life insurance policies, which were awarded to plaintiff as part of the property division.[2] A court need not require a party to invade the corpus of the party's award of marital assets in order to pay spousal support. *Torakis v Torakis*, 194 Mich App 201, 205; 486 NW2d 107 (1992); *Zecchin v Zecchin*, 149 Mich App 723, 735; 386 NW2d 652 (1986). Therefore, to the extent that the estate is composed of assets awarded to plaintiff as part of the property division, Judge Skutt did not abuse his discretion by declining to order that those assets be made available for the payment of spousal support to defendant.[3]

---

[2] At the hearing on defendant's motion to increase spousal support, it was represented to Judge Skutt that the primary assets of the estate were the proceeds of life insurance policies, which would amount to approximately $300,000. It was also noted that there was an IRA or 401(k) account, of which defendant was entitled to a portion as part of the property division. As the estate inventory would later show, the proceeds of the life insurance policies and annuities apparently were in excess of $460,000. The remainder of the estate's assets appears to be composed primarily of proceeds from the sale of plaintiff's interest in Metal Prep Technology, which was also awarded to him as part of the property division, and his profit-sharing account in Metal Prep Technology, which was subject to a qualified domestic relations order. While a substantial change in the value of the estate may have represented changed circumstances from those existing at the time of Judge Skutt's decision, defendant's representations that the estate was larger than Judge Skutt understood, under the circumstances presented here, does not establish that Judge Skutt made a palpable error by ruling that a modification of spousal support was not warranted on the facts presented to him.

[3] This is not to say that a trial court necessarily abuses its discretion by considering the value of marital assets awarded to the payor when considering the payor's ability to pay spousal support. "The objective of spousal support is to balance the incomes and needs of the parties in a

Given the absence of any palpable error in Judge Skutt's opinion and order, Judge Cholack's decision to grant defendant's motion for reconsideration fell outside the range of principled outcomes, constituting an abuse of discretion.

Reversed.

---

way that will not impoverish either party, and support is to be based on what is just and reasonable under the circumstances" of each case. *Woodington v Shokoohi*, 288 Mich App 352, 356; 792 NW2d 63 (2010); see also *Berger v Berger*, 277 Mich App 700, 726; 747 NW2d 336 (2008). Indeed, the source and amount of property awarded is a factor expressly to be considered by the trial court in determining whether, and to what extent, to award spousal support. *Woodington*, 288 Mich App at 356; *Lee*, 191 Mich App at 80. Just as there are circumstances in which it proves necessary for a payee spouse to rely on the marital assets awarded to him or her to meet his or her financial expenses, it may be appropriate, considering the circumstances and equities presented in a particular case, for a court to award spousal support in an amount that may require the payor to invade his or her marital-asset award. However, we need not decide whether the instant appeal presents such a case because that issue is not before us. Nor, on the record provided, do we have sufficient factual information to permit us to make such a decision. Rather, we conclude only that Judge Skutt did not abuse his discretion by not requiring plaintiff to invade the marital-assets award to him in order to pay spousal support.