*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE OF TAYLOR.

---

LIANNA M. TAYLOR, Personal Representative of the ESTATE OF BETTY JANE TAYLOR,

UNPUBLISHED
March 10, 2022

Appellant,

v

No. 355842
Wayne Probate Court
LC No. 2018-842200-DE

DALE HARRIS,

Appellee.

---

Before: RIORDAN, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

Appellant Lianna Taylor, personal representative of the estate of Betty Taylor, appeals as of right the trial court's order denying her petition to quiet title to real property. Appellant argues that the trial court erred by concluding that her petition was barred by res judicata. We affirm.

In 1975, Betty Taylor and Elizabeth Morgan purchased real property in Detroit as tenants in common, each with a ½ interest. Morgan executed a will that conveyed her interest to appellee Dale Harris and his sister Kimberly Keys as tenants in common, subject to a life estate for Taylor. Taylor died soon thereafter, but no estate was created on her behalf. Morgan eventually obtained a second mortgage on the property in 1996; a title search was conducted that did not uncover Taylor's interest. Morgan passed away in 1997.

Appellee was appointed as personal representative of Morgan's estate and executed a deed conveying Morgan's interest to himself and Keys in October 2000. Appellee rented the property for years before eventually seeking to sell it. This prompted a title search of the property in 2017, which revealed Taylor's interest. In August 2018, appellee notified Taylor's heir of Taylor's interest in the property.

Appellant then filed a petition to partition the real property, alleging that she was entitled to ½ of the property and ½ of its rental income. The trial court entered an order on February 26, 2020, determining that the estates of Taylor and Morgan each respectively held a ½ interest in the property. The order required that the two estates split the rent proceeds evenly.

In August 2020, appellant filed a second petition, this time to quiet title of the entire property in the name of Taylor's estate. She acknowledged that appellee held a ½ interest in the property, but argued appellee was barred from asserting that interest under MCL 600.5801, because more than 15 years had passed since he took possession. The trial court concluded that res judicata barred appellant's petition, and this appeal followed.

On appeal, this Court reviews de novo the applicability of res judicata. *Ditmore v Michalik*, 244 Mich App 569, 574; 625 NW2d 462 (2001). The trial court's February 26, 2020, order resolving appellant's first petition was a final order. MCR 5.801(A)(2)(o). Appellant sought to relitigate the matter by filing a second petition, this time to quiet title to the same property. Thus, although filed under the same docket number, the second petition appears to be a subsequent action for purposes of res judicata.

The doctrine of res judicata bars a subsequent action if "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). The trial court determined in its February 26, 2020, order, that the estates of Taylor and Morgan each held a ½ interest in the property. The order was decided on the merits and involved the same parties as appellant's subsequent quiet-title petition. No new facts, relevant to ownership, developed since that first final order. Appellant's quiet-title claim could have been made as part of the first petition, and, therefore, the trial court did not err by applying res judicata.

Out of an abundance of caution, even if we were to treat the second petition as being part of the original action because it was filed under the same docket number, the second petition would be, in effect, a motion for reconsideration of the trial court's earlier final order. Appellant has failed to show that the trial court palpably erred, and, therefore, the trial court did not err by dismissing her second petition. See *Luckow v Luckow*, 291 Mich App 417, 426; 805 NW2d 453 (2011); *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629-630; 750 NW2d 228 (2008); *Ellsworth v Highland Lakes Dev Ass'n*, 198 Mich App 55, 57-58; 498 NW2d 5 (1993). Appellant's remaining arguments are without merit.

Affirmed. Appellee, as the prevailing party, may tax costs under MCR 7.219.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle