*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES WADE JOHNSON, JR.,

      Plaintiff-Appellant,

v

PATRICIA ANN JOHNSON,

      Defendant-Appellee.

UNPUBLISHED
January 25, 2024

No. 363717
Macomb Circuit Court
Family Division
LC No. 2006-004469-DZ

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

Plaintiff and defendant married in 1984, were legally separated by a consent judgment for separate maintenance in 2007, and signed a separation agreement amendment in 2015. That agreement included a statement that plaintiff, "Charles W. Johnson, agree[s] that the alimony paid to Patricia A. Johnson is non-modifiable at the current rate of 1300$ per month." But on August 10, 2022, plaintiff moved to modify his spousal-support obligation because of changed circumstances. In response, the trial court ruled that plaintiff's spousal-support obligation was "non-modifiable at $1,300.00 per month." We reverse and remand.

## I. FACTUAL BACKGROUND

When the parties legally separated by a consent judgment for separate maintenance on December 7, 2007, they had a minor child, JJ. Plaintiff resided in Michigan; defendant and JJ lived in Arizona. The 2007 consent judgment stated that plaintiff's spousal-support obligation was $750 per month, which continued "until death or remarriage of [defendant or] further order of the court" and "[s]aid spousal support shall be modifiable." The consent judgment required plaintiff to provide defendant with $723 each month in child support for JJ. After the expiration of the child-support obligation, the parties agreed to the entry of a consent order modifying the 2007 consent judgment on May 7, 2012, which increased plaintiff's spousal-support obligation to $1,300 each month and provided "the balance of the 12-7-07 Consent Judgment for Separate Maintenance shall remain in full force and effect."

On May 25, 2015, the parties drafted a separation agreement amendment that stated:

I, Charles W. Johnson, agree that the alimony paid to Patricia A. Johnson is non-modifiable at the current rate of 1300$ a month.

-1-

I, Charles W. Johnson, agree to have a Judge declare a court order that will split the Thrift Savings Plan (TSP) equally fifty/fifty between Patricia A. Johnson and Charles W. Johnson at a date and time in the future when the current TSP loan is paid in full, and before Charles actually retires.

I, Charles W. Johnson, agree that Patricia A. Johnson will remain the surviving spouse listed in the surviving spouse benefits of the TSP and Navy retirement plans.

I, Charles W. Johnson, agree that the U.S. Navy retirement account is to be split according to the outside party QUADROS, who will decide how much Patricia A. Johnson is entitled to.

I, Charles W. Johnson, agree to pay half of the cost of the QUADROS of the U.S. retirement with Patricia A. Johnson by the end of 2016.

I, Charles W. Johnson agree with Patricia A. Johnson, that these amendments should be added to the existing separation agreement to clarify any misunderstandings. Both parties also agree that the motions filed later on pertaining to these issues will be dealt with in a swift and timely manner.

Both parties signed that separation agreement amendment, which was filed in the trial court in September 2015. Despite the changes to the parties' financial arrangements, however, neither a uniform spousal support order (USSO) nor a consent judgment was ever prepared.[1]

In August 2022, plaintiff moved to modify spousal support due to his declining health and pending retirement, which rendered the continued spousal-support obligations too onerous in light of his circumstances and plans. Plaintiff argued that the parties' May 2015 separation agreement amendment did not bar either party from seeking a modification of spousal support because it lacked a specific waiver of plaintiff's statutory right to seek modification, it was not final, binding, and nonmodifiable, and the terms were not stated or incorporated in the parties' original December 2007 consent judgment for separate maintenance.

A referee conducted a hearing on the motion on September 12, 2022, and then furnished a recommended order (which the trial court adopted on an interim basis) denying plaintiff's motion and stating that "[t]he Court finds that the spousal support is modifiable, but finds there is no change in circumstances to modify spousal support." Both parties filed objections to the referee's recommended order. The trial court considered those objections at a de novo hearing on October 17, 2022. The trial court issued an order on October 19, 2022, concluding that the May 2015 separation agreement amendment dictated that spousal support was "non-modifiable at $1,300.00 per month." Plaintiff has appealed that ruling on leave granted, see *Charles Wade Johnson v Patricia Ann Johnson*, unpublished order of the Court of Appeals, entered April 19, 2023 (Docket No. 363717), challenging the trial court's refusal to consider modification of the spousal-support obligation.

---

[1] A consent order was signed by the parties and entered on March 14, 2016, but that order only dealt with matters concerning plaintiff's Thrift Savings Plan and his military pension.

## II.  LEGAL ANALYSIS

Plaintiff's application for leave to appeal raised both issues that plaintiff now presents for resolution on appeal.  First, plaintiff contends that the trial court erred in characterizing his spousal-support obligation as nonmodifiable.  Second, plaintiff insists he presented sufficient evidence of a change in circumstances to justify modification of his spousal-support obligation.  We shall address these two issues in turn.

## A.  NONMODIFIABLE SPOUSAL SUPPORT

Plaintiff faults the trial court for incorrectly ruling, without an evidentiary hearing, that plaintiff's spousal-support obligation of $1,300 per month is nonmodifiable under the parties' May 2015 separation agreement amendment.  When we consider enforcement of a settlement agreement, " '[t]he finding of the trial court concerning the validity of the parties' consent to a settlement agreement will not be overturned absent a finding of an abuse of discretion[,]' " and the "trial court's factual findings are reviewed for clear error."  *Vittiglio v Vittiglio*, 297 Mich App 391, 400; 824 NW2d 591 (2012).  To the extent we must undertake contract interpretation, this Court "reviews de novo a trial court's interpretation of a contract and its resolution of any legal questions that affect a contract's validity, but any factual questions regarding the validity of the contract's formation are reviewed for clear error."  *Wright v Wright*, 279 Mich App 291, 297; 761 NW2d 443 (2008).

The purpose of spousal support " 'is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case.' "  *Loutts v Loutts*, 298 Mich App 21, 26; 826 NW2d 152 (2012).  According to MCL 552.28, which provides for revision and alteration of a "judgment for alimony," after entry of such a judgment, the trial court "may revise and alter the judgment, respecting the amount or payment of the alimony or allowance," and "may make any judgment respecting any of the matters that the court might have made in the original action."  The plain language of MCL 522.28 does not impose a requirement of a change in circumstances, but this Court has consistently applied that mandate to modification-of-alimony questions.  See *Smith v Smith*, 328 Mich App 279, 284-285; 936 NW2d 716 (2019) (noting that, because the consent judgment "so clearly evinces the parties' intent to allow consideration of a change in spousal support when there is a change in circumstances . . . we are compelled to hold that the terms of the judgment . . . must be enforced").  Indeed, Michigan "courts and our Legislature have long recognized that the general rule of finality is not always suitable in the realm of matrimonial law[,]" so "judgments of divorce must anticipate that circumstances will change for both the spouses who require support and the spouses who must provide that support."  *Staple v Staple*, 241 Mich App 562, 565; 616 NW2d 219 (2000).  Therefore, "our legislature long ago provided that courts may modify judgments for alimony upon petition of either party."  *Id*.

In *Staple*, we examined whether "parties who negotiate a divorce settlement may forgo this statutory right to petition the court to modify the alimony provisions and instead agree that the agreed-upon alimony provisions are final, binding, and nonmodifiable."  *Id*. at 564.  As this Court explained in its response to that question: "If the parties to a divorce agree to waive the right to petition for modification of alimony, and agree that the alimony provision is binding and nonmodifiable, and this agreement is contained in the judgment of divorce, their agreement will constitute a binding waiver of rights under MCL 552.28."  Therefore, the parties may agree to waive the statutory right to modify an award of periodic alimony if their agreements "clearly and unambiguously set forth that the parties (1) forgo their statutory right to petition the court

for modification and (2) agree that the alimony provision is final, binding, and nonmodifiable." *Id*. at 581. Also, the parties' "agreement should be reflected in the judgment of divorce entered pursuant to the parties' settlement." *Id*.

Here, the May 2015 separation agreement amendment states: "I, Charles W. Johnson, agree that the alimony paid to Patricia A. Johnson is non-modifiable at the current rate of 1300$ a month." Although that language characterizes the $1,300 monthly spousal-support obligation as "non-modifiable," the broader language of the agreement does not address the parties' right to seek modification of the amount of spousal support or explain that the parties were expressly waiving their statutory right to seek modification. Notably, neither party was represented by counsel at the time they signed the separation agreement amendment, and the parties litigated other provisions of the support arrangement (separate from the allegedly nonmodifiable $1,300 monthly support obligation) after they signed the May 2015 separation agreement amendment. For example, the parties litigated over plaintiff's retirement accounts.

Additionally, the *Staple* Court "emphasize[d] that the subsequent judgment of divorce, *and not simply any settlement agreement referenced in the judgment*, should reflect the parties' clear and unambiguous agreement regarding the modifiability of alimony." *Staple*, 241 Mich App at 581 n 18 (emphasis added). Although the May 2015 separation agreement amendment was signed by the parties and then filed with the trial court, its terms were never incorporated into the consent judgment, nor were its terms reflected in a USSO or a consent order. Notably, amendments before and after the execution of the May 2015 separation agreement amendment were detailed in a consent order or a USSO. After plaintiff's child-support obligations ended, the parties agreed to enter a consent order that modified the 2007 consent judgment on May 7, 2012, and increased plaintiff's spousal-support obligation to $1,300 per month. Additionally, a modified USSO was entered by the trial court. Both of those documents permitted further modifications. Beyond that, on March 14, 2016, the trial court entered a consent order dividing plaintiff's Thrift Savings Plan and Navy retirement benefits between the parties.

Significantly, MCR 3.211(D)(1) expressly mandates that "[a]ny provisions regarding child support or spousal support must be prepared on the latest version of the Uniform Support Order approved by the state court administrative office[,]" and such an "order must accompany any judgment or order affecting child support or spousal support, and both documents must be signed by the judge." Here, if the terms of the May 2015 separation agreement amendment sufficiently waived the parties' statutory right to petition the court for modification of spousal support, the document would conflict with both the 2007 consent judgment and the most recent USSO, dated May 7, 2012, which allowed for modification. In sum, the record does not reflect that plaintiff clearly and unambiguously waived his statutory right to seek modification of the spousal-support obligation, as contemplated by *Staple*, 241 Mich App at 581. Therefore, the trial court erred in treating plaintiff's spousal-support obligation as nonmodifiable.

B. CHANGE IN CIRCUMSTANCES

Plaintiff contends the trial court erred by incorrectly deciding that he failed to establish a change in circumstances warranting modification of spousal support. The trial court's factual findings concerning the modification of spousal support are reviewed for clear error. *Loutts*, 298 Mich App at 25. "A finding is clearly erroneous if, after reviewing the entire record, we are left with the definite and firm conviction that a mistake was made." *Id*. If the trial court's findings are not clearly erroneous, this Court reviews the trial court's ruling regarding spousal support for abuse of discretion. *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d

63 (2010). An abuse of discretion occurs when the trial court's ruling falls outside the range of reasonable and principled outcomes. *Id.* A trial court's ruling on spousal support must be affirmed unless this Court determines that it was inequitable. *Loutts*, 298 Mich App at 26.

To modify a spousal-support award, "the moving party first must establish new facts or changed circumstances arising since the prior order regarding support was issued." *Luckow v Luckow*, 291 Mich App 417, 424; 805 NW2d 453 (2011). Modification "requires an evaluation of the circumstances as they exist at the time modification is sought." *Laffin v Laffin*, 280 Mich App 513, 519; 760 NW2d 738 (2008). Also, "changed circumstances cannot involve facts and circumstances that existed at the time the court originally entered a judgment." *Id.* In deciding whether the facts "qualify as a change in circumstances warranting a modification in spousal support, the trial court should consider the principles [underlying] spousal support, i.e., support must be just and reasonable under the circumstances and should balance the incomes and needs of the parties in a way that will not impoverish either party." *Smith*, 328 Mich App at 288. We have ruled that a party's ensuing retirement and the resulting decrease in earnings can constitute a change in circumstances sufficient to justify a reduction in a spousal-support obligation. *Id.* at 287-288 ("an ex-spouse's ensuing retirement may qualify as a change in circumstances" and "the concomitant decrease in his income [may] qualify as a change in circumstances warranting a modification in spousal support . . . .").

Here, plaintiff suffered from reduced wages due to his declining health, which limited his ability to work more than 40 hours each week. Plaintiff was 66 years old and intended to retire in 2023, but he was concerned that his spousal-support obligations rendered retirement infeasible. Plaintiff provided documentation that since the entry of the 2007 consent judgment, his health had deteriorated because he had had surgery on his left foot due to a broken arch on January 31, 2019, and plaintiff's physician provided reports from 2021 that plaintiff suffered from limitations of his physical activity, which included "standing, walking, bending, kneeling, stooping, and twisting for only 2-4 hours per day due to right foot pain, right ankle pain and right tibial posterior tendonitis." The physician also noted that plaintiff was limited to working 40 hours per week due to multiple chronic medical conditions, and he would require restrictions indefinitely. Moreover, the referee and the trial court failed to properly take into account that defendant was awarded a portion of plaintiff's Navy pension and the Thrift Savings Plan that plaintiff obtained through his employment with the United States Postal Service. Beyond that, plaintiff covered defendant's monthly medical insurance premium payments. Accordingly, the matter must be further examined by the trial court because plaintiff presented a viable claim of changed circumstances sufficient to warrant the modification of spousal support.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates