*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SANTARILLA LAWHORN-THOMPSON and
TELLY THOMPSON,

UNPUBLISHED
September 23, 2024
3:59 PM

Plaintiffs-Appellants,

v

No. 366613
Oakland Circuit Court
LC No. 2022-194747-CZ

OFFICE DEPOT, LLC,

Defendant-Appellee.

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs allege that a store employee called them a racial slur when they attempted to return an item, and this purportedly resulted in several violations of law, including civil rights and intentional infliction of emotional distress. Given plaintiffs' lack of reliable evidence, however, the trial court granted defendant's motion for summary disposition and denied plaintiffs' motion for reconsideration. As explained, we agree with the trial court that plaintiffs must come forward, in a timely manner, with more than unsworn statements, and thus we affirm.

## I. BACKGROUND

In July 2021, plaintiffs attempted to return a printer at one of defendant's Office Depot locations. The original packaging in which the printer came had been opened, and plaintiffs did not have the original or a copy of the receipt. Plaintiffs saw a sign indicating that opened products could not be returned, but they allege that an unnamed employee told them that the opened printer could be returned with a receipt. Plaintiffs allege that another employee then yelled a racial slur at them and referred to previous occasions when plaintiff Lawhorn-Thompson had attempted to pick up a printer that had been ordered online, but the purchases had not been successful. Plaintiffs then left the store without returning the printer.

Plaintiffs sued defendant and an employee, who is not a party to this appeal, alleging violations of the Elliot-Larson Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*; intentional infliction of emotional distress (IIED); and vicarious liability of defendant. The complaint was unverified. The trial court's scheduling order required that discovery be completed by January 16,

-1-

2023, and dispositive motions be filed by February 15, 2023. After defendant twice agreed to reschedule plaintiffs' depositions, plaintiffs failed to attend their depositions.

On February 1, 2023, defendant moved for summary disposition under MCR 2.116(C)(10).[1] Defendant included a certified copy of its return policy, which indicated that office supplies needed to be returned unopened. Technology and electronics needed to be returned with the original packaging. The policy further provided that returns without an original receipt required a person to show valid government identification, but technology products could not be returned without the original receipt.

In further support of its motion, defendant also included unsworn witness statements purportedly from two employees. The statements were accompanied by an affidavit from Mary Bryan, Vice President of Human Resources, in which she averred that the statements were given the day after the incident as part of Office Depot's standard investigation process and as a regular business practice.

For their part, plaintiffs included with their response to defendant's motion an unsigned, unsworn "affidavit" of Lawhorn-Thompson. Plaintiffs also attached unsigned, unsworn responses to discovery requests. In response to defendant's request to produce documents, plaintiffs stated that the documents in plaintiffs' possession were attached, but they did not actually attach any documents. Defendant argued in reply that plaintiffs failed to sign or notarize their exhibits.

At an April 5, 2023, hearing on defendant's motion, the trial court found that plaintiffs failed to establish genuine issues of material fact with respect to their claims when they only relied on the unsigned and unsworn "affidavit" and discovery responses.

Plaintiffs subsequently moved for reconsideration, arguing that they inadvertently attached the unsigned and unsworn "affidavit" and that the trial court should have allowed plaintiffs to supplement their response with a signed and sworn affidavit. Plaintiffs attached an affidavit, signed and notarized on April 26, 2023. Plaintiffs further argued that there were ongoing discovery disputes, so the trial court should not have dismissed the case. The trial court denied plaintiffs' motion.

Plaintiffs now appeal.

## II. ANALYSIS

### A. MOTION FOR RECONSIDERATION

Plaintiffs first argue that the trial court abused its discretion by denying their motion for reconsideration. We review for an abuse of discretion a trial court's decision on a motion for reconsideration. *Sanders v Perfecting Church*, 303 Mich App 1, 8; 840 NW2d 401 (2013). A trial court abuses its discretion when its decision falls outside the range of principled outcomes.

---

[1] Defendant also moved for dismissal under MCR 2.502, which the trial court denied, but this is not an issue on appeal.

*Nowacki v Dep't of Corrections*, 319 Mich App 144, 157; 900 NW2d 154 (2017).  This Court reviews de novo the interpretation of court rules.  *Bradley v Progressive Marathon Ins Co*, 345 Mich App 126, 131-132; 3 NW3d 559 (2022) (cleaned up).

A trial court will not generally grant a motion for reconsideration that "merely presents the same issues ruled on by the court, either expressly or by reasonable implication."  MCR 2.119(F)(3).  Instead, "[t]he moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error."  *Id*.  A palpable error is one that is "easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct, manifest."  *Luckow v Luckow*, 291 Mich App 417, 426; 805 NW2d 453 (2011) (cleaned up).

MCR 2.116(G)(4) provides that, in response to a motion for dismissal under MCR 2.116(C)(10), "an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial."  When the party opposing the motion "does not so respond, judgment, if appropriate, shall be entered against him or her."  *Id*.

The trial court did not make a palpable error by denying plaintiffs' motion for reconsideration.  The trial court correctly recognized that it could not consider as evidence the unsigned, unsworn "affidavit" that had been submitted prior to its decision granting summary disposition to defendant.  *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 120; 839 NW2d 223 (2013); *Liparoto Const, Inc v General Shale Brick, Inc*, 284 Mich App 25, 33; 772 NW2d 801 (2009).  Similarly, as the trial court aptly noted, plaintiffs' discovery responses—the only other documents that plaintiffs submitted with their response—were also unsigned and unsworn.

It bears noting that plaintiffs did not seek leave of the trial court—prior to or even during the hearing on defendant's motion for summary disposition—to supplement their response with a signed and sworn affidavit.  Only well-after the fact, with their motion for reconsideration, did plaintiffs provide a signed and sworn affidavit, an affidavit that was signed and notarized *after* the hearing for summary disposition.  Simply put, the trial court did not abuse its discretion by declining to consider plaintiffs' untimely evidence.  And, without the untimely evidence, plaintiffs had nothing to support their claims.

Plaintiffs further argued in their motion for reconsideration, and on appeal, that summary disposition was improper because plaintiffs had not yet completed their depositions.  Plaintiffs did not pursue this argument, however, until their motion for reconsideration.  Discovery had been closed when defendant moved for summary disposition, and, critically, defendant twice agreed to reschedule plaintiffs' depositions, and yet they still failed to appear.  Accordingly, it was well within the trial court's discretion to decline to consider this argument that could, and should, have been presented in response to defendant's summary disposition motion.  See *Pioneer State Mut Ins Co v Michalek*, 330 Mich App 138, 150; 946 NW2d 812 (2019).

## B.  THE ELCRA

Plaintiffs next challenge the trial court's grant of summary disposition on their substantive claims. "We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St. Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citation omitted). "When deciding a motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party." *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021) (citation omitted). "Summary disposition is appropriate when there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* (cleaned up). Our review of a trial court's decision is limited to the evidence that had been presented at the time of the decision. *Gorman*, 302 Mich App at 120; *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

At the time of the trial court's decision,[2] the ELCRA provided that "a person shall not . . . [d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status." MCL 37.2302(a). When a plaintiff has direct evidence of racial bias, the plaintiff may prove the unlawful discrimination in the same manner as any other civil case. *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001). Direct evidence is that "which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor." *Id.* (cleaned up). A plaintiff need not "show an outright denial of access to a defendant's goods, premises, or facilities," but, instead, may show a denial of the "full and *equal* enjoyment of the goods, services, [or] facilities." *Clarke v K Mart Corp*, 197 Mich App 541, 545; 495 NW2d 820 (1992).

Plaintiffs assert that they presented direct evidence of racial discrimination through Lawhorn-Thompson's signed affidavit. As previously noted, however, the trial court properly determined that it could not consider the earlier unsigned, unsworn "affidavit" when ruling on defendant's motion for summary disposition, see *Gorman*, 302 Mich App at 120, and plaintiffs otherwise failed to "set forth specific facts showing that there [was] a genuine issue for trial," MCR 2.116(G)(4). Plaintiffs' complaint was not verified, nor were the discovery responses that plaintiffs provided in response to defendant's motion signed by plaintiffs or notarized.

Moreover, with respect to equal treatment, defendant has demonstrated that returning an opened printer without a receipt or other documentation was not a service that it (i) offered to others but (ii) declined to plaintiffs. Whether the printer was considered a technology product, an electronic, or an office supply, there is no question on this record that a person who tried to return a printer that had been removed from its original packaging would need, *at a minimum*, an original receipt, a copy of the receipt, or other documentation of the buyer's identification. There is nothing in the record to suggest that plaintiffs presented any of these documents to one of defendant's employees, and therefore they could not establish that others who were similarly situated were treated more favorably than them. The trial court did not err by finding that plaintiffs failed to establish a genuine question of material fact on their civil-rights claim.

---

[2] The ELCRA was amended through the adoption of 2023 PA 6, effective February 13, 2024.

## C. IIED CLAIM

Plaintiffs likewise argue that Lawhorn-Thompson's signed affidavit established a genuine question of material fact as to plaintiffs' IIED claim. A plaintiff asserting this claim must prove: "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Swain v Morse*, 332 Mich App 510, 534; 957 NW2d 396 (2020) (cleaned up).

Without providing any admissible evidentiary support in response to defendant's motion, plaintiffs have failed to establish that a genuine issue of material fact exists regarding any elements of this claim. Therefore, as with the ELCRA claim, the trial court did not err by granting defendant's motion.

## D. VICARIOUS LIABILITY

"Under the doctrine of vicarious liability, an employer is generally liable for the torts its employees commit so long as those torts are within the scope of their employment." *Yoches v Dearborn*, 320 Mich App 461, 475; 904 NW2d 887 (2017). When there is no viable claim for the torts underlying a plaintiff's vicarious liability claim, an employer defendant cannot be held vicariously liable. See *Mercurio v Huntington Nat'l Bank*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361855); slip op at 14. Because plaintiffs have failed to demonstrate a genuine question of material fact as to the ELCRA or IIED claims, their claim of vicarious liability against defendant necessarily fails. See *id*.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Brock A. Swartzle