WELSH *v.* WELSH.

1. DIVORCE—ALIMONY—MODIFICATION OF DECREE.
   The death of a husband may create a situation where the decree for alimony may be modified, but the burden of justifying modification rests upon the party objecting to the amount of alimony previously determined.

2. SAME—MODIFICATION OF DECREE—BURDEN OF PROOF—DEATH.
   Burden of proof upon administrator of deceased husband's estate as to modification of decree as to alimony *held,* not to have been sustained by evidence presented, death of the husband, by itself not having warranted modification of agreement which had been adopted by the court and of which modification had not been sought by husband during lifetime.

3. SAME—DEATH—MODIFICATION OF DECREE—ESTATES OF DECEDENTS.
   Estate of deceased husband is ordered held open and sufficient funds retained therein to safeguard future monthly payments of alimony pursuant to decree, until such time as wife remarries or there is sufficient proof of change of circumstances to justify modification of the decree of divorce.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 14, 1956. (Docket No. 31, Calendar No. 46,565.) Decided September 4, 1956.

Following decree of divorce granted James P. Welsh from Evelyn Willis Welsh and the death of the plaintiff, his administrator filed petition for modification asking termination of monthly payments.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 17 Am Jur, Divorce and Separation § 608.
[1–3] Death of husband as affecting alimony, 39 ALR2d 1406.
[1] 17 Am Jur, Divorce and Separation § 651.

Decree modified. Defendant appeals. Reversed and remanded.

*Robbins & Wechsler* (*Arthur L. Robbins,* of counsel), for plaintiff administrator.

*Poole, Warren & Littell,* for defendant.

KELLY, J. The Honorable Joseph A. Moynihan, circuit judge of Wayne county, on March 1, 1949, granted a decree of divorce to James P. Welsh, dissolving his marriage with defendant, Evelyn Willis Welsh. In his decree, the court stated:

"It is further ordered, adjudged and decreed, that the property settlement heretofore entered into by and between the parties hereto be ratified and made a part of this divorce decree."

The property settlement referred to in the decree provided:

"That the plaintiff, James P. Welsh, shall pay directly to the defendant, Evelyn Willis Welsh, in lieu of dower and alimony and for whatever other claims defendant may have now or in the future against plaintiff, the sum of $200 a month, starting on the 1st day of November, and continuing until the 1st day of June, A. D. 1949; starting on June 1, 1949, plaintiff shall pay directly to defendant the sum of $100 per month, on the 1st day of each month from said date and continuing in like amount as long as defendant shall remain unmarried."

James P. Welsh departed this life on October 16, 1950, and on August 7, 1951, the administrator of the estate of James P. Welsh filed a "petition for modification of final decree of divorce," stating therein that since the date of entry of the final decree of divorce the circumstances then in existence have materially changed not only by the death of the plaintiff but also by "the present affluent condition

of defendant" due to her being employed by a real-estate company in the city of Los Angeles, California, at an annual income in excess of $7,000.

Subsequent to the filing of a memorandum report by the friend of the court, the deposition of Evelyn Welsh was taken in San Diego, California, on December 28, 1953. This deposition is the only proof in the record to sustain the administrator's claim that there has been a change in circumstances and that the defendant-appellant enjoys a "present affluent condition." The deposition discloses that defendant's gross earnings for 1953 were $3,634.60, and that her gross and net earnings from 1947 to 1952, inclusive, as taken from copies of her income tax returns, were as follows:

|  | "Gross | Net |
|---|---|---|
| "1947 | $5,628.00 | $4,581.25 |
| 1948 | 3,160.00 | 3,160.00 |
| 1949 | 1,441.00 | 912.05 |
| 1950 | 3,534.00 | 2,440.75 |
| 1951 | 1,165.42 | 1,122.52 |
| 1952 | 2,686.93 | 1,488.52" |

In her deposition, defendant testified:

"I do not own or possess in my own name any real estate anywhere. * * * At the present time I have very little property of any value other than my automobile and personal effects. The apartment I rent is furnished and I have very little household furnishings. I do not own any stocks or bonds and my bank account is under $2,000."

On June 4, 1954, the report of the friend of the court was filed, recommending that the decree be modified and that the provision for the payment of alimony be terminated as of the date of death of plaintiff husband, and on June 11, 1954, the Wayne circuit court filed its order modifying the final decree of divorce, ordering that the report of the friend

of the court be adopted by the court, and that the decree of divorce be "modified so as to provide for the termination and stoppage of all payments of alimony  *  *  *  as of the date of the death of plaintiff, James P. Welsh."

In *Braffett* v. *Braffett,* 308 Mich 506, 514, we held:

"The death of a husband may create a situation where the decree for alimony may be modified. The burden of having such a decree modified rests upon the party objecting to the amount of alimony previously determined."

The friend of the court erred in determining that the administrator had met this burden of proof. It is significant that the deceased husband of defendant did not during his lifetime seek any modification, and his death of and by itself did not warrant the modification of the agreement entered into between himself and defendant and made a part of the decree of divorce.

The order terminating all payments of alimony as of the date of death of plaintiff is set aside and accumulated alimony payments should be made to defendant from the date of death of plaintiff to the present date; further, the estate of James P. Welsh shall be held open and sufficient funds retained in it to safeguard the future payments to be made monthly as provided in the agreement and decree of divorce of March 1, 1949, until such time as defendant remarries, or sufficient proof of change of circumstances is offered to the court to justify a modification of the decree of divorce.

Reversed and remanded for entry of an order in accordance herewith. Costs to defendant.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, CARR, and BLACK, JJ., concurred with KELLY, J.

BOYLES, J., concurred in the result.