FLAGER v FLAGER

Docket No. 125350. Submitted May 15, 1991, at Lansing. Decided June 18, 1991, at 9:25 A.M.

Marion C. and Donald E. Flager were divorced by order of the Jackson Circuit Court, and Marion was awarded permanent periodic alimony. Donald subsequently died, and the personal representative of his estate moved for a reduction or termination of alimony. The court, Alexander C. Perlos, J., granted the motion, finding that Mr. Flager's death terminated the alimony obligation as a matter of law. Marion Flager appealed.

The Court of Appeals *held*:

Mr. Flager's death did not terminate the alimony obligation as a matter of law. The alimony in this case, permanent periodic alimony, is modifiable and terminable if a change in circumstances has occurred. The trial court must make factual findings regarding whether there has been a change of circumstances and if modification or termination of alimony is warranted.

Reversed.

*Blaine B. Johnson, Jr., P.C.* (by *Blaine B. Johnson, Jr.*), for the plaintiff.

*William F. Navarre, P.C.* (by *William F. Navarre*), for the defendant.

Before: MARILYN KELLY, P.J., and MACKENZIE and GRIBBS, JJ.

PER CURIAM. Plaintiff appeals as of right from the circuit court's order terminating her alimony. We reverse.

The parties were divorced in September, 1985, after more than twenty years of marriage. The judgment of divorce provided:

It is further ordered and adjudged, that the said Donald E. Flager shall pay to the said Marion C. Flager as alimony, for her support and maintenance, the sum of $100.00 per week until the death or remarriage of the said Marion C. Flager, subject to review upon the retirement by the said Donald E. Flager.

When Mr. Flager retired in 1987, the court reduced his alimony obligation to $50 per week. Mr. Flager died intestate on February 25, 1988. The personal representative of his estate moved for a reduction or termination of all alimony. The judge granted the motion, holding that the common law required him to terminate Mrs. Flager's alimony at the death of either party, absent a contrary provision in the judgment.

At common law, proceedings to enforce alimony would abate on the death of either party. In Michigan, however, statutory law has long provided the authority to award, modify and enforce alimony. MCL 552.23; MSA 25.103; MCL 552.27; MSA 25.105; MCL 552.28; MSA 25.106. That law has been interpreted consistently by the courts to mean that the obligation to pay alimony does not terminate by operation of law upon the death of the payor; it may be enforced against the payor's estate. *Braffett v Braffett,* 308 Mich 506; 14 NW2d 129 (1944). The trial court has the authority, however, to modify or terminate permanent alimony upon changed circumstances, so long as it is periodic, not alimony-in-gross. *Easley v John Hancock Mutual Life Ins Co,* 403 Mich 521; 271 NW2d 513 (1978); *Welsh v Welsh,* 346 Mich 292; 78 NW2d 120 (1956); *LaBarge v LaBarge,* 312 Mich 157; 20 NW2d 143 (1945).

Defendant is incorrect in his assertion that permanent alimony cannot be periodic. The alimony in this case is permanent periodic alimony. It is

not alimony-in-gross, because it terminates upon further order of the court. *Tomblinson v Tomblinson,* 183 Mich App 589, 594; 455 NW2d 346 (1990). Therefore, it is modifiable and terminable if a change in circumstances has occurred.

Defendant argues the judge made a finding that the death of Mr. Flager constituted a change in circumstances warranting the termination of alimony. He did not, although certainly he is empowered to so rule. It is clear from his written opinion that the judge acted solely on the erroneous conclusion that Mr. Flager's death terminated the alimony obligation as a matter of law.

It is incumbent on the trial judge to make factual findings upon which to base a determination whether there has been a change in circumstances. If a change has taken place, he must then make factual findings from which to conclude whether the alimony should be modified and, if so, by what amount. Defendant bears the burden of proving that a change in circumstances has taken place and that it warrants a modification or termination of alimony. *Rapaport v Rapaport,* 158 Mich App 741, 746; 405 NW2d 165 (1987).

Reversed.