### ACKERMAN v ACKERMAN

Docket No. 131356. Submitted June 7, 1992, at Detroit. Decided December 7, 1992, at 10:20 A.M.

Marjorie R. Ackerman was granted a divorce from Albert Ackerman and was awarded alimony by the Oakland Circuit Court. Subsequently, the defendant petitioned for reduction or abatement of the alimony award, claiming that he had become disabled and that his primary source of support was the proceeds of a disability insurance policy that he had acquired with his own funds after the divorce had become final. The court, David F. Breck, J., denied the defendant's motion, finding that the insurance proceeds were income upon which an alimony award could be based and, accordingly, that there was insufficient change in circumstances to warrant modification of the award. The defendant appealed.

The Court of Appeals *held:*

1. The proceeds of the disability insurance policy were properly treated as income for the purpose of determining the defendant's ability to pay alimony. The court did not err in finding that the defendant continued to be able to pay alimony.

2. Because the plaintiff may now be entitled to social security benefits, the court on remand should determine whether such benefits should be offset against any future alimony.

Affirmed, but remanded for further proceedings.

MICHAEL J. KELLY, J., dissenting, stated that the proceeds of the disability insurance policy purchased by the defendant after the divorce with his own funds should not be treated as income for the purpose of determining his ability to continue to pay alimony. The case should be remanded to the trial court for reconsideration without reference to the insurance proceeds.

DIVORCE — ALIMONY — INCOME — DISABILITY INSURANCE.

Proceeds of a disability insurance policy acquired after a divorce

REFERENCES

Am Jur 2d, Divorce and Separation § 713.

Change in financial condition or needs of husband or wife as ground for modification of decree for alimony or maintenance. 18 ALR2d 10.

is final with funds from a separate estate may be considered income for the purpose of determining whether the disabled person has a continuing ability to pay alimony.

*Victor, Robbins & Bassett* (by *Scott Bassett*), for the plaintiff.

*Barry A. Seifman,* for the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and CORRIGAN, JJ.

JANSEN, P.J. Defendant, Albert Ackerman, appeals as of right from a June 19, 1990, order of the Oakland Circuit Court denying his motion to eliminate or reduce the award of alimony to plaintiff, Marjorie Ackerman. We affirm the order of the trial court, but remand the case for proceedings consistent with this opinion.

Defendant contends that the trial court erred in considering disability payments from a disability insurance policy as income for purposes of alimony, when the disability insurance policy was purchased years after the divorce judgment with monies remaining after the payment of alimony. We disagree with defendant.

Modification of alimony provisions is authorized by MCL 552.28; MSA 25.106. The modification of an alimony award must be based on new facts or changed circumstances arising after the judgment of divorce. *Rapaport v Rapaport,* 158 Mich App 741, 746; 405 NW2d 165 (1987), modified 429 Mich 876 (1987); *Flager v Flager,* 190 Mich App 35, 36; 475 NW2d 411 (1991). The party moving for modification has the burden of showing such new facts or changed circumstances. *Rapaport,* p 746; *Flager,* p 37.

The trial court's findings of fact regarding the existence of a change in circumstances are re-

viewed by this Court under the clearly erroneous standard of review. *Beason v Beason,* 435 Mich 791, 805; 460 NW2d 207 (1990); *Sparks v Sparks,* 440 Mich 141, 151-152; 485 NW2d 893 (1992). A finding is clearly erroneous if this Court, on all the evidence present on the record, is left with a definite and firm conviction that a mistake has been made. *Beason,* p 805. Once this Court determines that the trial court's findings of fact are. not clearly erroneous, it must be decided whether the dispositional ruling, such as the awarding of alimony, is fair and equitable in light of those facts. *Sparks,* pp 146, 151-152. Our review of the record does not leave us with a definite and firm conviction that the trial court erred in finding that there existed no "change of circumstances which requires modification of the alimony."

The main objective of alimony is to balance the incomes and needs of the parties in a way that would not impoverish either party. *Torakis v Torakis,* 194 Mich App 201, 205; 486 NW2d 107 (1992). For purposes of child support and alimony, § 2 of the Support and Visitation Enforcement Act, MCL 552.602(c)(ii); MSA 25.164(2)(c)(ii), defines "income" as:

Any payment due or to be due in the future from a profit-sharing plan, pension plan, *insurance contract,* annuity, social security, unemployment compensation, supplemental unemployment benefits, and worker's compensation. [Emphasis added.]

It is our opinion that the term "income" as defined in MCL 552.602(c)(ii); MSA 25.164(2)(c)(ii) can be construed, consistent with the plain meaning of the words employed therein, to include proceeds received pursuant to a disability insurance policy or contract. This is so despite the fact

that the policy was purchased after the judgment of divorce was entered. The judgment of divorce herein awarded plaintiff permanent alimony until her death or remarriage, or until further order of the court. Such an award contemplated that plaintiff's financial situation at the termination of the marriage warranted support by defendant indefinitely.

Although the disability insurance proceeds acquired by defendant were not part of the marital estate at the time of the divorce, they do constitute the current equivalent of his income derived from employment. The purpose of a disability insurance contract is to insure income to the recipient in case disability reduces or eliminates a person's ability to work. The proceeds of the disability insurance policy provide defendant with income comparable to the income he was receiving at the time of the divorce and constitute income pursuant to MCL 552.602(c)(ii); MSA 25.164(2)(c)(ii).

One factor considered in awarding alimony is the ability of the party to pay alimony. *Lee v Lee,* 191 Mich App 73, 80; 477 NW2d 429 (1991). Clearly, defendant's receipt of proceeds under a disability insurance policy bears directly on his ability to pay alimony. We cannot say that the trial court clearly erred in finding that the monies received by defendant from the disability insurance policy were income for purposes of determining defendant's ability to pay alimony. Furthermore, we cannot say that the trial court's findings that the parties occupy the same position as they did at the time of the divorce and that there exists no change of circumstances warranting a modification of alimony were clearly erroneous. The award of alimony to plaintiff is fair and equitable in light of the existing facts.

We find defendant's reliance on MCL 600.6023;

MSA 27A.6023 to be inapposite. As noted herein, there exists a specific statute applicable to the payment of child support and alimony that defines income to include any payment due or to be due in the future from, among other items, an insurance contract. MCL 552.602(c)(ii); MSA 25.164(2)(c)(ii). We find the latter statute to be controlling in the case at bar.

We affirm the order of the trial court denying defendant's motion to eliminate or reduce alimony. However, we remand the case to the trial court and instruct the court to determine whether the amount of alimony awarded to plaintiff should be offset by any amounts to which plaintiff may be entitled by virtue of social security benefits and to determine the appropriate amount of such offset, if any. We do not retain jurisdiction.

Affirmed, but remanded.

CORRIGAN, J., concurred.

MICHAEL J. KELLY, J. *(dissenting)*. I respectfully dissent. I believe the decision rewards plaintiff's improvidence and punishes defendant's foresight.

On October 29, 1976, at the conclusion of a contested trial, the circuit court entered a judgment of divorce prepared by plaintiff's attorney and consented to by defendant's attorney, which provided, with respect to insurance, that any interest either party had in policies on the life of the other was extinguished. It is reasonable to conclude that the intent was that if the husband paid premiums on life insurance policies, the wife was to receive no benefit from his demise. Now, under the guise of equating disability benefits with earned, taxable, or investment income, the majority approves the trial court's finding of no change of circumstances, or, at least, no significant change of circumstances.

To me it is incredible to say that on these facts there was no change in circumstances warranting modification of the alimony award. At the time of the divorce in 1976, appellant husband was fifty years old, employed full time as a respected sportscaster with a major television station. Fourteen years later, after serious medical disability, the husband was retired, receiving a retirement pension, disability benefits, and social security benefits. I cannot imagine what would constitute a greater change in circumstances in the life of an active wage earner in a responsible position than going from full-time productive employment to complete retirement. Add to that advanced age (sufficient to qualify for social security benefits) and physical disability (severe enough to qualify for insurance disability benefits).

However, the real question here is whether that sizable portion of defendant's yearly income of $60,000 that comes as proceeds from medical disability insurance that he purchased after the divorce should be his separate property interest, safe from invasion by the former spouse, the marital estate having been divided fourteen to sixteen years earlier. I would hold that the disability insurance proceeds that defendant now receives, purchased with premiums paid out of his own assets after the property division, is not the equivalent of income from pension, investment, or employment, but is, on the contrary, his separate and sole estate, and should not be computed in determining availability of income for purposes of alimony. I would liken it to an annuity purchased with sole and separate assets or a pension that becomes wholly accrued and vested after divorce. Cf. *Vollmer v Vollmer,* 187 Mich App 688; 468 NW2d 236 (1991).

MCL 552.602(c)(ii); MSA 25.164(2)(c)(ii) defines income as:

Any payment due or to be due in the future from a profit-sharing plan, pension plan, insurance contract, annuity, social security, unemployment compensation, supplemental unemployment benefits, and worker's compensation.

I surmise the rationale behind the enactment of the Support and Visitation Enforcement Act, MCL 552.601 *et seq.*; MSA 25.164(1) *et seq.*, as contemplating a present or ongoing relationship between the supporting spouse and the asset to be reached. Stated another way, I do not think the insurance contract referred to in § 2(c)(ii), MCL 552.602(c)(ii); MSA 25.164(2)(c)(ii), contemplates the reaching of disability benefits purchased by the husband from his sole and separate assets after property division. Furthermore, interpreting the judgment of divorce, entered October 17, 1976, I believe it was the intent of the parties and of the court that an equitable distribution of the assets would be final and that neither party would be entitled to distribution of the assets of an after-acquired insurance contract.

I would reverse and remand for reconsideration in which defendant's disability insurance benefits would be excluded from the computation of his income.