*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL SULLIVAN,

        Plaintiff-Appellant,

v

DENISE SULLIVAN,

        Defendant-Appellee.

UNPUBLISHED
October 22, 2020

No. 348309, 350531
Livingston Circuit Court
LC No. 14-006162-DO

MICHAEL SULLIVAN,

        Plaintiff-Appellee,

v

DENISE SULLIVAN,

        Defendant-Appellant.

No. 350530
Livingston Circuit Court
LC No. 14-006162-DO

Before: GADOLA, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

PER CURIAM.

In consolidated case no. 348309, plaintiff Michael Sullivan appeals as of right the trial court's order on remand awarding defendant Denise Sullivan one half of the value of certain stock previously undisclosed by plaintiff, and also awarding defendant spousal support and attorney fees. In consolidated case no. 350531, plaintiff appeals by delayed leave granted the same order of the trial court. In consolidated case no. 350530, defendant appeals by delayed leaved granted the same order of the trial court on remand, and also challenges the trial court's order denying her motion for reconsideration. We remand for the trial court to state a basis for its determination regarding defendant's assertion that she is entitled to additional attorney fees; in all other respects we affirm the order of the trial court.

-1-

## I. FACTS

This case arises from a consent judgment of divorce, and returns to this Court as three new appeals after remand to the trial court. When previously before this Court, the background of the case was summarized as follows:

> Plaintiff and defendant divorced after a 36-year marriage. The divorce trial took place on October 1, 2014, and the court made a dispositional ruling from the bench on October 30, 2014. In the original dispositional ruling, the court erroneously failed to make an award regarding the vested shares of stock in plaintiff's (now former) employer, Ramco-Gershenson, Inc. On January 12, 2015, the date scheduled for entry of judgment, the parties negotiated the issue of vested shares off the record and entered into a consent judgment on that same date. The consent judgment provided, among other things, that plaintiff would provide a modifiable amount of $12,000 a month in spousal support; this was in accordance with the court's rulings after the divorce trial. The judgment also dealt with the disposition of the vested shares of stock.

> On August 27, 2015, defendant filed a motion to enforce certain aspects of the judgment and a motion for partial relief from judgment based on fraud. Defendant asserted that, at the time of the January 12, 2015, negotiations, plaintiff had failed to disclose that he had resigned from his job in December 2014, that a separation agreement had changed the amount of vested Ramco stock that he owned because certain unvested shares had vested, and that he had received a substantial lump-sum payment. Defendant asserted that plaintiff's 2014 total income was substantially higher than he had represented, the value of the concealed stock was $471,144.46, and he no longer had the employer-provided life insurance required by the divorce judgment.

> Over the course of the following months, the trial court held various hearings, denied defendant's claim of fraud, ordered that plaintiff comply with certain aspects of the consent judgment, reduced (on October 22, 2015) the spousal support to $2,000 a month, and then raised (on March 26, 2016) the spousal support to $4,000 a month. [*Sullivan v Sullivan*, unpublished per curiam opinion of the Court of Appeals, issued May 17, 2018 (Docket Nos. 330543 and 334273), p 1-2.]

Defendant appealed to this Court challenging the trial court's order that modified her spousal support and denied her motion for relief from judgment. Defendant contended that she was entitled to relief from the consent judgment because plaintiff made a material misrepresentation that inured to her detriment by failing to disclose that he had terminated his employment, which consequently affected his stock, income, and life insurance. *Id.* at 2. This Court concluded that plaintiff made a material misrepresentation when he failed to disclose at the January 12, 2015 hearing that he had terminated his employment several weeks earlier, and further held that the trial court abused its discretion by denying defendant's motion for relief from judgment on that basis. This Court stated, in relevant part:

The parties agree that at the January 12, 2015, hearing, the issue of the vested shares of Ramco stock was central. Plaintiff's attorney represented that plaintiff had 33,679 vested shares. Plaintiff contends that the trial court's finding that plaintiff had not lied to the court must be afforded deference and was supported by the evidence because plaintiff later testified that he believed the court was asking about the circumstances existing in October 2014 and also testified that he did not know that certain vesting had, as of January 12, already occurred. But plaintiff's testimony that he did not know that vesting had already occurred and thought it would occur in late January is belied by his testimony that he knew about the components of his severance package with Ramco. The severance agreement spoke to the vesting of the so-called "non-performance" stock shares on the date of plaintiff's December 19, 2014, resignation, provided that plaintiff did not revoke (within seven days) the release and discharge provisions. With regard to the so-called "performance" stock shares, the severance agreement indicated that plaintiff would be entitled to a payout for the shares, "for which vesting will be accelerated and will vest in full [sic] and plaintiff will be paid for such performance share units, based on the market price of the Trust's shares on the Resignation Date, within 30 calendar days after the Release provisions . . . become effective." Plaintiff received the payment for the performance shares on January 9, 2015.

* * *

Even accepting the court's finding that plaintiff thought that the relevant period for determining the amount of vested shares was October 30, 2014, the central issue at the January 12, 2015, hearing was the *distribution of vested shares*. Keeping this in mind, regardless of whether plaintiff intended to lie or did not intend to lie, he did in fact make a material representation at this time, and this representation was false. Plaintiff's attorney said "[h]e has 33,679 . . . shares . . . that vested." Plaintiff admitted to knowledge of the separation agreement, and this agreement, viewed in context, indicated that plaintiff's non-performance shares would vest before January 12 (i.e., on the resignation date) and that the performance shares would vest at some point in the near future (in actuality, payment for these ended up being made on January 9). Under these circumstances, the assertion about having only 33,679 vested shares was made recklessly. In addition, given that the issue being negotiated at the January 12 hearing was distribution of the vested shares, plaintiff clearly made the assertion with the intention that defendant act upon it, and evidence shows that defendant did act upon it to her detriment.

Under these circumstances, it was an abuse of discretion for the trial court to deny the motion for relief from judgment. Defendant must be allowed to reopen the issue of distribution of the vested stock, given that it represents a significant asset. In addition, because spousal-support factors include a consideration of the "property awarded to the parties," see *Luckow v Luckow*, 291 Mich App 417, 424; 805 NW2d 453 (2011), the issue of spousal support must also be revisited.

In its October 22, 2015, order, the court held the issue of life insurance in abeyance, stating that it would revisit in March 2016 whether plaintiff needed to

obtain life insurance for defendant. It does not appear that this issue was ever addressed with finality. The court referred to life insurance at a hearing on October 5, 2015, stating "you better get some life insurance," but it is not clear to whom the court was speaking, and, at any rate, the court *later* stated that it was holding the issue in abeyance. The life-insurance issue remains outstanding and must also be addressed on remand. [*Sullivan*, unpub op at 2-4 (footnotes omitted).]

This Court thus remanded the case, directing the trial court on remand to redetermine the issues of the division of the vested stock and spousal support, and to determine the issues of life insurance and attorney fees. *Id.* at 7, 9. On remand, after an evidentiary hearing, the trial court issued its opinion and order addressing the division of the vested stock received by plaintiff as part of his employment separation package, determining that defendant's request for half of that stock was fair. Because that stock was valued at $471,144, the trial court calculated defendant's 50% share as $235,572. The trial court granted plaintiff the credit he requested for taxes he paid in 2015 on the vested stock received as part of the separation package in the amount of $18,542.

The trial court also granted in part plaintiff's request for credit for spousal support already paid to defendant. The trial court stated:

The trial judge in this matter initially awarded spousal support in the amount of $12,000/month due to the fact that Plaintiff would be awarded the 29,000 unvested shares of Ramco stock. Additionally, Plaintiff was no longer employed at the average annual income in excess of $400,000, which this Court finds was the amount used by the trial judge in considering the initial spousal support award. Despite no longer being employed at the $400,000 average annual income, Plaintiff did pay the equivalent of $12,000/month in spousal support for ten (10) months, where it was subsequently reduced by the trial court to $2,000/month, and then increased to $4,000/month. Therefore, based on the foregoing, the Court grants Plaintiff's request for a credit in part, and awards Plaintiff an $80,000 credit from the aforementioned award.

The trial court later explained that the $80,000 amount for the credit was calculated based on the reduction of spousal support "from $12,000 to $4,000 per month from January 12, 2015 to October 22, 2015, and that it multiplied the $8,000 difference by ten months." The trial court awarded defendant spousal support of $5,000 monthly, ordered plaintiff to secure life insurance in an amount not less than $200,000, naming defendant as beneficiary, and awarded defendant her attorney fees from June 12, 2018 in the amount of $38,075.

Both plaintiff and defendant moved for reconsideration of the trial court's order. The trial court denied both motions for reconsideration, holding that the findings of the order were supported by the record, and that there was no palpable error or mistake warranting reconsideration of the trial court's order.

-4-

Plaintiff thereafter claimed an appeal to this Court of the trial court's order, and also applied for delayed leave to appeal that order. Defendant also applied for delayed leave to appeal the trial court's order. This Court granted both applications, and consolidated the three appeals.[1]

## II. DISCUSSION

## A. ATTORNEY FEES

Plaintiff contends that the trial court erred and abused its discretion by awarding defendant attorney fees in the amount of $38,075. Plaintiff argues that defendant did not demonstrate a basis for the fees or the reasonableness of the fees, and that the trial court failed to make findings when awarding the fees. By contrast, defendant argues that plaintiff failed to challenge the reasonableness of the attorney fees before the trial court, and therefore is precluded from raising that challenge for the first time on appeal. Defendant also argues that the trial court appropriately awarded her attorney fees from June 12, 2018, but should have also awarded her attorney fees from January 12, 2015, to June 12, 2018.

We review a trial court's award of attorney fees for an abuse of discretion while reviewing for clear error the trial court's underlying factual findings. *Safdar v Aziz*, 327 Mich App 252, 267; 933 NW2d 708 (2019). An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. *Id*.

Michigan follows the "American Rule" with regard to attorney fees, which provides that "attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract." *Skaates v Kayser*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 346487); slip op at 9, quoting *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). In a divorce action, attorney fees are provided for in MCR 3.206(D),[2] which states:

---

[1] *Sullivan v Sullivan*, unpublished order of the Court of Appeals, entered December 13, 2019 (Docket No. 350531); *Sullivan v Sullivan*, unpublished order of the Court of Appeals, entered December 13, 2019 (Docket No. 350530).

[2] Before the amendment of this court rule on May 30, 2018, effective September 1, 2018, 501 Mich clvii, the comparable provision was found at MCR 3.206(C). At the time the trial court entered its December 7, 2018 order on remand, the provision was found at MCR 3.206(D), but provided slightly different language from the current version as follows:

**(D) Attorney Fees and Expenses**.

(1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

**(D) Attorney Fees and Expenses**.

(1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

(2) A party who requests attorney fees and expenses must allege facts sufficient to show that:

(a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, or

(b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practice in violation of these rules.

To justify an award of attorney fees under MCR 3.206(D)(2)(b), a trial court must specifically find that a party violated a court order or engaged in misconduct. *Reed*, 265 Mich App at 165. When awarding attorney fees, the trial court also is required to determine the reasonableness of the fee requested. *Safdar*, 327 Mich App at 268. In doing so, the trial court should first determine the fee customarily charged in the locality for similar services, and multiply that amount by the reasonable number of hours expended in the case. *Smith v Khouri*, 481 Mich 519, 530, 531; 751 NW2d 472 (2008). When determining the reasonableness of attorney fees, the trial court should also consider the following non-exhaustive factors, and to facilitate appellate review should briefly discuss the factors and justify the relevance of any additional factors. *Id*. The factors are:

(1) the experience, reputation, and ability of the lawyer or lawyers performing the services,

(2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,

(3) the amount in question and the results obtained,

---

(2) A party who requests attorney fees and expenses must allege facts sufficient to show that

(a) the party is unable to bear the expense of the action, and that the other party is able to pay, or

(b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

(4) the expenses incurred,

(5) the nature and length of the professional relationship with the client,

(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer

(7) the time limitations imposed by the client or by the circumstances, and

(8) whether the fee is fixed or contingent. [*Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 282; 884 NW2d 257 (2016).]

Although the party seeking attorney fees has the burden to demonstrate the reasonableness of the fees requested, if the opposing party fails to challenge the hourly rate or the amount of time expended before the trial court the issue is not preserved for appellate review. *Baxter v Geurink*, 493 Mich 924 (2013); see also *Milligan v Milligan*, 197 Mich App 665, 671; 496 NW2d 394 (1992).

In this case, plaintiff contends that defendant failed to identify the basis for her request for attorney fees. We disagree. Although defendant's counsel was not entirely clear on this issue at the evidentiary hearing,[3] the record otherwise clearly indicates that the basis under which defendant sought attorney fees was MCR 3.206(D)(2)(b). In the proceedings before the trial court before the initial appeal, defendant moved for partial relief from the consent judgment, and specifically requested that plaintiff be ordered to pay her attorney fees under then MCR 3.206(C)(2)(b) because plaintiff refused to comply with the Consent Judgment despite having the ability to comply, and that plaintiff's fraudulent misrepresentations caused her to incur substantial attorney fees.

The trial court, however, did not rule on defendant's request before the initial appeal. In remanding this case to the trial court, this Court stated, in relevant part:

MCR 3.206(C)(1) states: "A party [in a domestic-relations action] may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding." MCR 3.206(C)(2)(b) states that "[a] party who requests attorney fees and expenses must allege facts sufficient to show that . . . the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply." Contrary to defendant's suggestion, these rules do not contain a *requirement* that attorney fees be awarded upon request even if expenses were incurred because of an unjustified refusal to comply with a court order. See, e.g., *Butler v Simmons-Butler*, 308 Mich App 195;

---

[3] During the evidentiary hearing on remand, defense counsel suggested that defendant is also entitled to attorney fees under MCR 3.206(D)(2)(a) because she cannot afford to pay her attorney. Nonetheless, defendant also continued to assert that she was entitled to attorney fees on the basis of plaintiff's fraud.

863 NW2d 677 (2014) (stating that MCR 3.206(C)(2)(b) *allows* attorney fees if a party refused to comply with a court order). At any rate, the court, as noted, simply did not address the request for attorney fees. This Court has held that the failure to exercise . . . discretion can amount to an abuse of discretion. See *Komejan v Suburban Softball, Inc*, 179 Mich App 41, 49; 445 NW2d 186 (1989). Because it is appropriate to remand this case for further proceedings as previously discussed, we also remand the issue of attorney fees. [*Sullivan*, unpub op at 7.]

This Court thus identified that defendant sought attorney fees under then MCR 3.206(C)(2)(b) on the basis that plaintiff had failed to comply with the trial court's order, and remanded to the trial court for determination of that issue. On remand, the trial court entered an interim order scheduling an evidentiary hearing and describing the scope of the remand, and specifically stating that "the Court will review the issue of attorney fees as a result of non-disclosure of assets by Plaintiff." The record therefore supports the finding that defendant sought attorney fees under MCR 3.206(D)(2)(b), and that the trial court awarded attorney fees under MCR 3.206(D)(2)(b).

Plaintiff next contends that defendant failed to present evidence that the amount of attorney fees requested is reasonable. On remand, defendant filed two statements for attorney fees: one for fees through March 28, 2016, (105.9 hours at $275 per hour plus costs for a total of $38,174), and another statement for attorney services provided after June 5, 2018 (57.5 hours in attorney fees at the rate of $250 per hour, for a total of $14,375). At the evidentiary hearing held on remand, defense counsel testified that he was licensed to practice law in Michigan, and that the exhibits filed demonstrating the amount of attorney fees expended were "accurate and honest." Because defendant provided information of the hourly rate, number of hours worked, and the purpose of the fees expended, defendant submitted sufficient relevant documentation to support her request for attorney fees. See *Skaates*, ___ Mich App at ___; slip op at 9.

Plaintiff also challenges the reasonableness of the fees requested. Plaintiff, however, points to no place in the record where he challenged the reasonableness of defense counsel's hourly rate or the amount of hours expended. Although plaintiff's counsel stated during the evidentiary hearing that he was not stipulating to the reasonableness of the fees, plaintiff did not actually challenge the reasonableness of the fees sought.

Michigan follows the general "raise or waive" rule of preservation of an issue for appellate review. *Baxter*, 493 Mich at 924. Issues raised for the first time on appeal generally are not subject to review, *Kemp v Farm Bureau Gen Ins Co of Michigan*, 500 Mich 245, 254 n 26; 901 NW2d 534 (2017), and this Court deviates from that rule only "in the face of exceptional circumstances." *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 518; 847 NW2d 657 (2014) (quotation marks and citations omitted). This Court may overlook preservation requirements and review an unpreserved issue "where failure to consider the issue would result in manifest injustice, if consideration of the issue is necessary to a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Bisio v City of Village of Clarkson*, ___ Mich ___, ___ n 12; ___ NW2d ___ (2020) (Docket No. 158240); slip op at 7 n 12 (citations omitted). When the party opposing attorney fees fails to challenge before the trial court the reasonableness of the hourly rate or the amount of time expended, however, the issue is not properly remanded for determination. See *Baxter*, 493 Mich at 924.

-8-

Plaintiff correctly observes that the trial court did not explain the basis of its ruling granting defendant attorney fees. The trial court in this case did not on the record determine the fee customarily charged in the locality for similar services, nor did the trial court determine on the record the reasonableness of the fees by considering the factors articulated in *Pirgu*. Under those circumstances, however, our Supreme Court in *Baxter* held that the plaintiffs' failure to challenge the reasonableness of the attorney fees before the trial court waived the issue on appeal. *Baxter*, 493 Mich 924. We therefore decline to review this unpreserved issue.

Finally, defendant contends that she was entitled to additional attorney fees that she incurred from 2015 to 2018 as a result of plaintiff's misrepresentations about his vested stock. As this Court observed when this case was before it in 2018, then MCR 3.206(C)(2) provided that a party in a domestic relations action may request attorney fees incurred because the other party failed to comply with a court order. But although the court rule permits an award of attorney fees it does not *require* that attorney fees be awarded, even if incurred because of an unjustified refusal to comply with a court order. *Sullivan*, unpub op at 7, citing, e.g., *Butler v Simmons-Butler*, 308 Mich App 195; 863 NW2d 677 (2014). However, on remand the trial court in this case did not explain on the record the reason for denying the additional attorney fees sought by defendant. Although it was within the trial court's discretion to grant less than the amount sought by defendant, the trial court failed to create a record for review by this Court and failed to support its decision by findings. We therefore remand that issue for the trial court to state the basis for its decision on defendant's request for additional attorney fees.

## B. DETERMINATION AND DIVISION OF THE UNDISCLOSED STOCK

Plaintiff contends that the trial court erred on remand by redetermining the amount of vested Ramco stock to be divided, including in the total of vested shares the previously unvested shares of Ramco stock that vested upon plaintiff's termination of his employment. Plaintiff argues that by including the newly-vested stock in the amount of vested stock to be divided, the trial court exceeded the scope of remand and erroneously divided an asset that was not part of the marital assets on the date of division. We disagree.

In an appeal involving division of marital property, this Court first reviews the trial court's findings of fact, such as the valuation of marital assets. Factual findings will not be reversed unless clearly erroneous. *Butler*, 308 Mich App at 207-208. A finding is considered clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake was made. *Id*. If this Court upholds the trial court's factual findings, we then determine whether the trial court's dispositive ruling was fair and equitable in light of those facts. *Id*. The dispositional ruling is discretionary with the trial court and we will affirm the ruling unless left with a firm conviction that the property division was inequitable. *Id*., citing *Sands v Sands*, 442 Mich 30, 34; 497 NW2d 493 (1993). Whether a trial court exceeded the scope of remand is a question this Court reviews de novo. *Lenawee Co v Wagley*, 301 Mich App 134, 149; 836 NW2d 193 (2013). This Court similarly reviews de novo whether, and the extent to which, the law of the case doctrine applies. *Id*.

When an appellate court remands a case to the trial court with specific instructions, the trial court is not permitted on remand to exceed the scope of the remand order, and is required to strictly comply with the mandate of the appellate court. *K & K Constr, Inc v Dep't of Environmental*

*Quality*, 267 Mich App 523, 544-545; 705 NW2d 365 (2005). The lower court, however, has the power on remand to take such action as law and justice requires not inconsistent with the judgment of the appellate court. *Sokel v Nickoli*, 356 Mich 460, 464; 97 NW2d 1 (1959).

In this case, this Court remanded the case to the trial court stating, in relevant part:

[T]he central issue at the January 12, 2015, hearing was the *distribution of vested shares*. Keeping this in mind, regardless of whether plaintiff intended to lie or did not intend to lie, he did in fact make a material representation at this time, and this representation was false. Plaintiff's attorney said "[h]e has 33,679 . . . shares . . . that vested." Plaintiff admitted to knowledge of the separation agreement, and this agreement, viewed in context, indicated that plaintiff's non-performance shares would vest before January 12 (i.e., on the resignation date) and that the performance shares would vest at some point in the near future (in actuality, payment for these ended up being made on January 9). Under these circumstances, the assertion about having only 33,679 vested shares was made recklessly. In addition, given that the issue being negotiated at the January 12 hearing was distribution of the vested shares, plaintiff clearly made the assertion with the intention that defendant act upon it, and evidence shows that defendant did act upon it to her detriment.

Under these circumstances, it was an abuse of discretion for the trial court to deny the motion for relief from judgment. Defendant must be allowed to reopen the issue of distribution of the vested stock, given that it represents a significant asset. [*Sullivan*, unpub op at 3-4 (footnotes omitted).]

This Court specifically found that plaintiff made a false representation at the January 12, 2015 hearing when he said he had only 33,679 vested shares of Ramco stock because he failed to include in that number the previously unvested shares that had vested upon plaintiff's resignation from his employment at Ramco in December 2014. Implicit in this finding is that the number of vested shares on January 12, 2015 was *not* 33,679, but was instead 33,679 plus whatever amount of the previously unvested shares had vested upon plaintiff's resignation. This Court thus implicitly determined that by January 12, 2015, the previously unvested shares had become "vested shares" to be considered and divided together with the 33,679 vested shares previously reported. The task assigned by this Court to the trial court on remand was to revisit the issue of distribution of that vested stock.[4] Therefore, the trial court did not exceed the scope of this Court's instructions on remand when it redetermined the distribution of the vested stock, including in the total vested stock the previously unvested shares that vested upon plaintiff's resignation from Ramco in December 2014.

---

[4] Indeed, it would make little sense for this Court to direct the trial court to revisit the issue of the distribution of the vested stock if the number of shares of vested stock remained the same as it had been the first time the trial court considered that issue, and when this Court had determined that number to be false.

Plaintiff further contends that by including the previously unvested shares in the total vested shares to be divided, the trial court erroneously divided an asset that was not part of the marital assets on the date of division, October 31, 2014. This Court determined in its previous opinion in this case, however, that the previously unvested shares were vested by the date of the January 12, 2015 hearing during which the judgment of divorce was entered (thus, it was a misrepresentation when plaintiff stated during the hearing that there were only 33,679 vested shares). See *Sullivan*, unpub op at 3-4.

A legal question determined by an appellate court may not be determined differently in a subsequent appeal in the same case, where the facts remain materially the same. *New Props, Inc v George D. Newpower, Jr, Inc*, 282 Mich App 120, 132; 762 NW2d 178 (2009). This rule, referred to as the law of the case doctrine, applies to issues actually decided, either explicitly or implicitly, in the prior appeal. *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000). The purpose of the law of the case doctrine is to preserve consistency and avoid the reconsideration of issues already decided in a single ongoing lawsuit. *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001). Because this Court already determined that the previously unvested shares were vested by the date of the January 12, 2015 hearing during which the judgment of divorce was entered, and therefore should have been considered part of the vested stock within the marital estate, this issue is not subject to redetermination in this appeal.

Finally, defendant contends that the trial court erred and abused its discretion by failing to award her a greater share of the Ramco stock in light of plaintiff's fraud in concealing the asset. Defendant points out that she did not request 50% of the additional stock at the remand hearing as the trial court implied; rather, she testified that she would have requested 50% of the stock had she timely been made aware of the additional stock. Defendant argues that because plaintiff concealed the existence of the newly vested stock, she should receive more than 50% as a penalty to plaintiff for his fraudulent conduct. Defendant also contends that the trial court abused its discretion by subtracting from her share of the newly-vested stock the amount of $18,542, representing income taxes plaintiff paid on that portion of the stock in 2015.

When distributing marital assets in a divorce proceeding, the goal is to reach an equitable distribution of property in light of all the circumstances. *Seifeddine v Jaber*, 327 Mich App 514, 522; 934 NW2d 64 (2019). Mathematical equality is not required when dividing the marital estate, but the trial court must clearly explain any significant departure from a congruent division. *Id*. When dividing the marital estate, the trial court may consider:

> (1) the duration of the marriage, (2) the contributions of the parties to the marital estate, (3) the age of the parties, (4) the health of the parties, (5) the life situation of the parties, (6) the necessities and circumstances of the parties, (7) the parties' earning abilities, (8) the parties' past relations and conduct, and (9) general principles of equity. [*Id*.]

A party's attempt to conceal assets is a relevant consideration in dividing marital assets. *Sands*, 442 Mich at 36. It is only one factor to be considered by the court in dividing marital assets, however, and an attempt to conceal marital assets does not give rise to automatic forfeiture of the assets. *Id*. In addition, the dispositional ruling is discretionary with the trial court and this Court

will affirm the ruling unless left with a firm conviction that the property division was inequitable. *Butler*, 308 Mich App at 207-208.

In this case, the trial court's division of the Ramco stock was fair and equitable in light of the facts of the case. The trial court gave each party half of the previously unvested stock that vested as a result of plaintiff's resignation from Ramco, subtracting from defendant's share the amount of tax plaintiff paid on those shares in 2015. The trial court considered plaintiff's fraudulent conduct and awarded defendant certain attorney fees she incurred as a result of that conduct, but did not reduce plaintiff's property share. Because the trial court was not required to penalize plaintiff by reducing his property share, and because it cannot be said that a 50/50 split of the newly-vested stock, with credit to plaintiff for taxes paid, is so inequitable as to be an abuse of the trial court's discretion, we affirm the trial court's division of the stock.

## C. SPOUSAL SUPPORT

Plaintiff next contends that the spousal support award should be reversed because it is based on the trial court's erroneous division of the vested stock. Plaintiff also contends that the trial court's award of spousal support fails to consider the months during which plaintiff was unemployed and had no ability to pay spousal support. Defendant disagrees, and also contends that plaintiff was not entitled to a credit of $80,000 for spousal support paid. We conclude that the trial court acted within its authority, and within the scope of remand, in modifying the spousal support award, and that the record supports the trial court's findings and ultimate determination of spousal support. With regard to defendant's challenge to plaintiff being credited $80,000 for spousal support paid, this decision also was a proper exercise of the trial court's discretion.

This Court reviews an award of spousal support in a divorce action for an abuse of discretion. *Andrusz v Andrusz*, 320 Mich App 445, 452; 904 NW2d 636 (2017). Any factual findings related to an award of spousal support are reviewed for clear error. *Id.* An award of spousal support must be affirmed unless this Court is firmly convinced that it was inequitable. *Id.*, citing *Gates v Gates*, 256 Mich App 420, 432-433; 663 NW2d 447 (2003).

MCL 552.231(1) provides for the award of spousal support and contemplates determination of spousal support case by case. *Loutts v Loutts*, 298 Mich App 21, 29-30; 826 NW2d 152 (2012). That statutory section provides:

> (1) Upon entry of a judgment of divorce or separate maintenance, if the estate and effects awarded to either party are insufficient for the suitable support and maintenance of either party and any children of the marriage who are committed to the care and custody of either party, the court may also award to either party the part of the real and personal estate of either party and spousal support out of the real and personal estate, to be paid to either party in gross or otherwise as the court considers just and reasonable, after considering the ability of either party to pay and the character and situation of the parties, and all the other circumstances of the case. [MCL 552.23(1).]

The primary purpose of spousal support is the balancing of the parties' incomes and needs so that neither party is impoverished. *Loutts*, 298 Mich App at 32. Spousal support is not

-12-

ascertained by a strict formula and instead must be based on what is reasonable and just in light of the circumstances of the case. *Id*. at 29-30. To determine spousal support, a court should consider all relevant factors including:

> (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the abilities of the parties to work; (4) the source and amount of property awarded to the parties; (5) the parties' ages; (6) the abilities of the parties to pay support; (7) the present situation of the parties; (8) the needs of the parties; (9) the parties' health; (10) the parties prior standard of living and whether either is responsible for the support of others; (11) the contributions of the parties to the joint estate; (12) a party's fault in causing the divorce; (13) the effect of cohabitation on a party's financial status; and (14) general principles of equity. [*Woodington v Shokoohi*, 288 Mich App 352, 356; 792 NW2d 63 (2010).]

MCL 552.28 authorizes a court to modify an award of spousal support. That statute provides, in relevant part:

> On petition of either party, after a judgment for alimony or other allowance for either party or a child, . . . the court may revise and alter the judgment respecting the amount or payment of the alimony or allowance, and also respecting the appropriation and payment of the principal and income of the property held in trust, and may make any judgment respecting any of the matters that the court might have made in the original action. [MCL 552.28.]

Our Supreme Court has held that, generally, a trial court is authorized to modify spousal support after entry of the judgment when there is a change in circumstances, *Lemmen v Lemmen*, 481 Mich 164, 166; 749 NW2d 255 (2008), which, by definition, means facts and circumstances that did not exist at the time the original judgment was entered. *Laffin v Laffin*, 280 Mich App 513, 519; 760 NW2d 738 (2008). The party seeking modification of spousal support has the burden of demonstrating the new facts demonstrating changed circumstances. *Ackerman v Ackerman*, 197 Mich App 300, 301; 495 NW2d 173 (1992).

In this case, the parties entered into a consent judgment on January 12, 2015, which included a provision obligating plaintiff to pay spousal support to defendant in the amount of $12,000 per month. With regard to spousal support, the consent judgment provides, in relevant part:

> Plaintiff Husband shall pay spousal support to Defendant Wife beginning January 1, 2015, in the annual amount of One Hundred Forty Four Thousand ($144,000.00) paid in equal quarterly installments on the first day of April, July, October and December of each year beginning April 1, 2015. Husband may choose to make monthly interim spousal support payments of $12,000/month. During 2015, Plaintiff will make payments to comply with Freddie Mac requirements.
>
> The spousal support provided for in this section is modifiable in accordance with the law in the state of Michigan, and for the following reasons: if Husband does not receive a bonus similar to that received from 2013 ($160,000) in any year

and/or his income decreases by $20,000.00. Spousal support shall not be modifiable based upon any benefit or income received by Husband as a result of the Ramco-Gershonson stock awarded to him pursuant to this Judgment of Divorce. This stock was accounted for and included as part of the property settlement in this matter.

Plaintiff thereafter sought modification of the spousal support award, contending that there had been a change of circumstances since the entry of the consent judgment because he had resigned from his employment. The trial court granted plaintiff's motion to modify spousal support, ordering plaintiff to pay spousal support of $2,000 per month for November 2015 through March 2016. The trial court thereafter increased the spousal support award to $4,000 per month beginning April 2016. On appeal, this Court rejected defendant's argument that there had not been a change of circumstances, and specifically held that the trial court did not clearly err by finding that there was a change of circumstances warranting the trial court modifying the spousal support award. *Sullivan*, unpub op at 6.

On remand, the trial court determined the spousal support issue as follows, in relevant part:

The issue before the Court is whether Defendant is entitled to an additional award of spousal support based on the concealment of vested stock which increased Plaintiff's income. The Court finds that Plaintiff entered into a separation agreement leaving the employment that paid him an average annual income of $400,000 over the preceding five years. Plaintiff testified that he was not getting along with the then company CEO and there was no evidence to the contrary that this was not the case. The timing of the separation and the fact that Plaintiff had no comparable employment lined up brings into question Plaintiff's intent for leaving his employment. However, considering that Plaintiff received a lucrative separation package that, in this Court's opinion, benefitted Defendant financially through prior spousal support orders, the Court cannot find that Plaintiff's decision to leave his position with Ramco was done so to avoid paying spousal support.

In analyzing the facts of this case under *Olson* [*v Olson*, 256 Mich App 619; 671 NW2d 64 (2003)] the Court finds the following:

(1) the past relations and conduct of the parties;

The parties' marriage appeared distant with Defendant living primarily in Florida and Plaintiff remaining [in] the [marital] home. The trial judge did not find fault, but the Court finds that Plaintiff, during the separation, spent monies on his girlfriend in a significant amount over $10,300. The Court finds Plaintiff [] currently is supporting his girlfriend and daughter based on the deductions listed in his recent tax returns. Plaintiff further claims a negative net worth today which reflects excessive spending considering his income and severance from 2010 thru 2015. Meanwhile Defendant has lived within her means and her expenses are reasonable. This Factor favors an award of spousal support in favor of Defendant.

(2) the length of the marriage;

-14-

The parties were married for 31 years where Plaintiff was historically the primary earner of income. This factor favors an award of spousal support in favor of Defendant.

(3) the abilities of the parties to work;

Defendant has limited job skills and health issues at 64 years of age. Plaintiff is relatively healthy with a history of high income employment. This factor favors an award of spousal support in favor of Defendant.

(4) the source and amount of property awarded to the parties;

With the current award granted to Defendant through this opinion as set forth above, and if collected, Defendant's property award would be substantial. This factor calls for a modification in support.

(5) the parties' ages;

Defendant is 64 years old while Plaintiff is 56 years old. This factor favors an award of spousal support in favor of Defendant.

(6) the abilities of the parties to pay alimony;

Plaintiff on the record offered continued alimony in the amount of $4,000/month based on an annual income of $175,000 with his current employer. This factor favors an award of spousal support in favor of Defendant.

(7) the present situation of the parties;

Defendant is living within her means while Plaintiff has created his financial situation by employment moves and imprudent spending. This factor favors an award of spousal support in favor of Defendant.

(8) the needs of the parties;

Based on Plaintiff's earning capacity and Defendant's limited employment skills, this factor favors an award of spousal support in favor of Defendant.

(9) the parties' health;

Plaintiff has no documented health issues. Defendant has arthritis and anxiety issues. This factor favors an award of spousal support in favor of Defendant.

(10) the prior standard of living of the parties and whether either is responsible for the support of others;

For lack of a better term the parties lived "high off the hog." The proof is in the fact after years of high income they find themselves with minimal net worth (as to

Defendant) and or arguably negative net worth (as to Plaintiff). This factor favors neither party.

(11) contributions of the parties to the joint estate;

Based primarily on earnings, Plaintiff was the primary contributor to the joint estate. This factor favors an award of spousal support in favor of Defendant.

(12) a party's fault in causing the divorce;

Parties had already started to live separate lives prior to the divorce and Plaintiff had new companionship. This factor favors neither party.

(13) the effect of cohabitation on a party's financial status; and,

Plaintiff is currently supporting his girlfriend and daughter as documented by recent tax returns. This factor favors an award of spousal support in favor of Defendant.

(14) general principles of equity

This is [a] long term marriage (31 years) with Plaintiff having a history of high income employment. Defendant has limited employment skills demonstrating a strong case in favor of alimony. This factor favors an award of spousal support in favor of Defendant. Based on the factors set forth above, the Court finds in favor of Defendant's request for spousal support and therefore enters an award of modifiable spousal support in the amount of $5,000 monthly, terminable upon the death, cohabitation or remarriage of Defendant, or further order of the Court.

The trial court properly exercised its authority under MCL 552.28 in modifying the amount of spousal support, and the modification was within the scope of this Court's remand. Further, the trial court arrived at a decision to order spousal support of $5,000 per month based upon the appropriate factors and considering relevant evidence. Unless this Court is firmly convinced that the trial court's decision regarding spousal support was inequitable, the trial court's decision must be affirmed. *Andrusz*, 320 Mich App at 452. Here, the factual findings of the trial court were supported by the evidence, and there is no indication that the spousal support award of $5,000 per month was inequitable.

Defendant also challenges the trial court's reduction of the amount of defendant's share of the property settlement by $80,000 to account for spousal support plaintiff already paid to defendant at the rate of $12,000 per month before the award was reduced by the trial court. The trial court stated:

The trial judge in this matter initially awarded spousal support in the amount of $12,000/month due to the fact that Plaintiff would be awarded the 29,000 unvested shares of Ramco stock. Additionally, Plaintiff was no longer employed at the average annual income in excess of $400,000, which this Court finds was the amount used by the trial judge in considering the initial spousal support award. Despite no longer being employed at the $400,000 average annual income, Plaintiff

-16-

did pay the equivalent of $12,000/month in spousal support for ten (10) months, where it was subsequently reduced by the trial court to $2,000/month, and then increased to $4,000/month. Therefore, based on the foregoing, the Court grants Plaintiff's request for a credit in part, and awards Plaintiff an $80,000 credit from the aforementioned award.

The trial court later explained that the $80,000 amount for the credit was calculated based on the reduction of spousal support "from $12,000 to $4,000 per month from January 12, 2015 to October 22, 2015," and that it multiplied the $8,000 difference by ten months. The trial court on remand observed that defendant initially was granted a large spousal support payment because plaintiff was employed at a high salary and because plaintiff received the unvested stock in the property distribution. The trial court on remand modified the judgment of divorce to give defendant her share of the unvested stock that had vested, but recognized the eventual reduction of the amount of spousal support to the rate of $4,000 from the initial $12,000 monthly spousal support payments in January 2015. The factual findings of the trial court are supported by the evidence, and there is no indication that the adjustment of the property award to account for the spousal support already paid was inequitable. Similarly, there is no evidence to support plaintiff's argument that the spousal support for those ten months should be zero. We therefore affirm the modified award of spousal support.

## D. LIFE INSURANCE

Plaintiff also contends that the trial court erred and abused its discretion by requiring him to purchase life insurance to secure his spousal support obligation. Plaintiff argues that the requirement is not just and reasonable after he left his employment, and defendant has not suffered any harm as a result of his failure to provide the life insurance.

A judgment entered pursuant to the agreement of the parties is a contract; a consent judgment of divorce therefore is a contract and is treated as such. *Andrusz*, 320 Mich App at 452. A consent judgment can be modified only with the consent of the parties, absent fraud, mistake, illegality, or unconscionability. *Id*. In this case, the parties agree that the consent judgment required plaintiff to name defendant as his beneficiary on his employer-provided life insurance policy, which had a payout of $300,000, for the purpose of securing her spousal support. After entry of the consent judgment, defendant learned that plaintiff had left his employment before the consent judgment was entered, and therefore no longer had an employer-provided life insurance policy at the time the consent judgment was entered, but had not revealed this fact to defendant or to the trial court.

In addressing defendant's consequent motion to enforce the judgment, the trial court held in abeyance the issue of life insurance, but failed to return to that issue. This Court ordered the trial court to address the outstanding issue of life insurance on remand. *Sullivan*, unpub op at 4. On remand, the trial court found that plaintiff had defrauded defendant by inducing her to enter into the consent judgment while concealing that he had already left his employment and therefore could not name her as the beneficiary of an employer-provided life insurance policy with a benefit of $300,000. As a consequence of plaintiff's fraudulent conduct, the trial court modified the judgment of divorce to require him to provide a life insurance policy naming defendant as beneficiary in the amount of $200,000 as security for the spousal support. The trial court's decision

-17-

was a proper exercise of its discretion in light of plaintiff's fraud, and plaintiff has not demonstrated that the result of the modification is inequitable. We therefore affirm this discretionary dispositional ruling of the trial court. See *Butler*, 308 Mich App at 207-208.

### III. CONCLUSION

The trial court did not abuse its discretion by awarding defendant attorney fees. Although the trial court failed to determine on the record the reasonableness of the fees awarded, plaintiff's failure to challenge the reasonableness of the attorney fees before the trial court renders this issue unpreserved, and we decline to reach it. The trial court also did not abuse its discretion by including the newly-vested Ramco stock in the total vested stock to be divided between the parties. Similarly, the trial court did not abuse its discretion in modifying the award of spousal support, nor by modifying the judgment of divorce to order plaintiff to obtain a life insurance policy naming defendant as the beneficiary to secure the spousal support award. With regard to defendant's argument that she is entitled to additional attorney fees, however, the trial court failed to state its findings and reasoning on this issue.

We remand for the trial court to state its reasoning for its determination of defendant's assertion that she is entitled to additional attorney fees. The trial court's order is affirmed in all other respects. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien